Mitchell *vs.* The Universal Life Insurance Company.

---

ALBERT MITCHELL *et al.*, by next friend, plaintiffs in error, *vs.* THE UNIVERSAL LIFE INSURANCE COMPANY, defendant in error.

1. A life insurance policy provided that the annual premiums should be payable on the 23d of May in each year, and in an action against the company it was proposed to prove by parol that at the time of the making of the contract it was agreed between the company's agent and the assured that the payments should be made in the fall of each year :

*Held,* that the evidence was properly rejected. To justify the introduction of parol evidence to contradict a written contract on the ground of fraud, the fraud charged must be in the execution of the contract.

2. A contract required by law to be in writing cannot be shown to have been altered by parol after its execution.

Evidence.    Fraud.    Insurance.    Before Judge JAMES JOHNSON.    Muscogee Superior Court.    May Term, 1874.

The policy stated that the premiums were payable annually on 23d of May. It was proposed to show that the first premium had been paid by a draft, payable in October, with interest from date, and 'that the agent had said the other premiums might be so paid. It was proposed to show that, on being afterwards appealed to, the agent had again so said.

With this statement, the above head-notes report the case.

H. L. BENNING; M. H. BLANDFORD; J. M. RUSSELL, for plaintiffs in error.

LITTLE & CRAWFORD; INGRAM & CRAWFORD, for defendant.

McCAY, Judge.

1. The contract in this case is plain and unambiguous. If it may be contradicted, there is no contract that may not. Nothing appears here but that the parties made a plain stipulation in writing, with the agreement at the time that it was not to be the real contract. It is not pretended that the plaintiffs thought it was written differently, or that there was any fraud in writing it as it is. All parties knew it was so written. It is said this is a fraud and a great hardship; but is not this always true where the rule excluding parol evidence is allowed? The very offer of parol evidence to alter implies that the contract is not what the parties made. The rule is based on public policy. The danger of perjury—the uniform experience that it is wisest to adhere to what the parties have knowingly written—has established this rule as a choice of evils. Better this than to permit parol evidence to explain or contradict written. Perhaps some wrong will be done by exclusion, but less wrong that way than the other.

2. It is generally true, that a simple contract, though in writing, may be altered by a subsequent legal contract not in writing. But this cannot apply to a contract required by law to be in writing. If the contract may be altered by parol, then there is a contract on the subject matter by parol, and

that is forbidden by the statute.   Insurance contracts must, in this state, be in writing: Code section 2794.   Altogether, we see no error in the judgment.

Judgment affirmed.