81  297
h112 363

### WILSON *vs.* COLEMAN & RAY.

1. Where a memorandum in writing was to the effect that W. was to deliver to C. & R. a certain number of "C. L. R. P. oats," it was not error to admit parol evidence to show that the same number of car-loads of Texas rust-proof oats was meant. Although, under the statute of frauds, an agreement of this character, where the value of the goods is over $50, must be in writing to bind the promissor, yet an ambiguity, such as appears in this case, in the writing may be explained by parol.

2. Where C. testified that his firm (C. & R.) bought the oats from W. by sample; that the sample shown was of Texas rust-proof oats; that after the purchase was made, he sent a clerk from his office to W. to get a sample of the Texas rust-proof oats they had bought, and the clerk returned with a sample of Texas rust-proof oats; although W. testified that the clerk called for a sample of Texas rust-proof oats simply, and not for a sample of the oats sold, it was not error to refuse to rule out the testimony of C. It was admissible for what it was worth. Even if the court did err in refusing to rule out this testimony, the error was immaterial, in view of other positive testimony as to the real nature of the transaction.

3. Testimony by C. as to a demand made by his clerk through the telephone on W. for the oats, and W.'s reply as repeated to him by the clerk, should not have been admitted, as it was mere hearsay; but the verdict is fully sustained by other evidence, and the case will not be sent back because of this error.

May 25, 1888.

Statute of Frauds. Ambiguities. Evidence. Before Judge HARRIS. City court of Macon. March term, 1887.

Reported in the decision.

HARDEMAN & DAVIS, for plaintiff in error.

R. W. PATTERSON, *contra.*

BLANDFORD, Justice.

Coleman & Ray sued Wilson for failing to deliver to them three car-loads of Texas rust-proof oats, which, they alleged, they had purchased from Wilson, and which he had agreed to deliver to them at a specified time. A recovery was had by the plaintiffs, and the defendant moved for a new trial, which was refused, and he excepted.

1. The main ground of exception relied upon is, that the court erred in admitting parol testimony to show that a memorandum in writing, signed by Wilson, to the effect that he was to deliver to the plaintiffs a certain number of "C. L. R. P. oats," meant that number of car-loads of Texas rust-proof oats; it being contended by Wilson that this did not mean Texas rust-proof oats, nor any particular kind of rust-proof oats.

We think this testimony was admissible. While, under the statute of frauds, an agreement of this character, in order to be binding on the promiser, must be in writing, the value of the goods sold being over fifty dollars, (code §1950,) yet we think an ambiguity of this sort in the writing may be explained by parol. At common law a patent ambiguity could not be explained by parol; but under our code, " parol evidence is admissible to explain all ambiguities, both latent and patent." Code, §3801. This question was fully discussed in the case of *Mohr vs. Dillon*, decided at the present term of this court. 80 *Ga.* 572.

2. Coleman testified that he bought the oats from Wilson by sample, and that the sample shown him was of Texas rust-proof oats; that after he had made the purchase, he sent a clerk from his office to Wilson to to get a sample of the Texas rust-proof oats he had

bought, and that the clerk returned with a sample of Texas rust-proof oats. Wilson, in his testimony, undertook to explain this by saying that the clerk said he wanted a sample of Texas rust-proof oats, but that he did not say he wanted a sample of the Texas rust-proof oats which he had sold to Coleman & Ray; and it is contended by counsel for the plaintiff in error that Coleman's testimony on this subject ought to have been ruled out. We do not think so. We think it was admissible for what it was worth. And even if the refusal of the court to rule out this testimony was error, it was an immaterial error, and could not affect the result in this case, under our view of it; because Coleman swore positively that he bought the oats from Wilson as Texas rust-proof oats, and that he bought them by the sample shown him by Wilson at the time this memorandum was made by the latter as to the sale and delivery of the oats.

3. Another ground of exception is, that the court allowed Coleman to testify as to a demand made by his clerk, through the telephone, on Wilson for the oats, and Wilson's reply as repeated to him by the clerk. This evidence was merely hearsay, and the court erred in admitting it; but there is plenty of evidence in the record to sustain the verdict, and we will not send the case back for an error of this kind, it being immaterial in the view we take of the case. We think the court was right in refusing a new trial; and the judgment is affirmed.