Van Brunt, P. J. [dissenting.]
I cannot concur in the conclusion of- the within opinion. It proceeds upon the assumption that the attorney communicated with the plaintiff by telephone, and received from him the facts necessary to be presented to the court, upon the application for attachment. The attorney did not see the plaintiff, nor did he recognize his voice. Where, then, is there any proof that the plaintiff communicated anything ? In the case of a telegram a record is made. The original dispatch is preserved and accessible; but, in the case of communication by telephone, nothing is left to which any test can be applied by which the accuracy or authenticity of the alleged communication can be determined.
Gray, J.
If the affidavit was insufficient, upon which this attachment was ordered, a question of law is presented and the order of the General Term is undoubtedly reviewable here (Allan v. Meyer, 73 N. Y. 1; Steuben County Bank v. Alberger, 78 Id. 252). In this case the writ was applied for upon statements made upon the information and belief of the deponent, and the question is whether the information concerning the material facts appeared to have been acquired in such a manner as to justify the judge in acting upon it.
Was the source of the information such as the judge could accept as satisfactory ? The affiant, in such cases, is not required to have a personal knowledge of the facts required to be stated ; but it is essential that his informa *206 tion must appear to have been competently derived ; as otherwise the judicial officer, whose action has been invoked, is without jurisdiction to proceed. It is clear-that the attorney in this case obtained his information by a communication made through the telephone upon the morning of the day upon which the complaint and affidavit were sworn to, and that his belief was based upon it, in making his statements concerning the facts constituting the cause of action, the absence of counterclaims, and the non-residence of the defendants. Those were the material facts required to be proved to the satisfaction of the judge, and we do not think that the proof as to the source of the information concerning them was sufficient, for the reason that there was lacking any degree of certainty that the plaintiff himself ever made the communication to the affiant.
There would be no objection to the information having been conveyed through the medium of the telephone, if it had been made to appear that the affiant was acquainted with the plaintiff and recognized his voice, or if it had appeared in some satisfactory way that he knew it was the plaintiff who was speaking with him. None of these facts, however, were averred. There was absolutely nothing upon which the. judge could pass to show that it was the plaintiff who was speaking, and not some undisclosed person who, in the plaintiff’s name, furnished to the attorney the information made use of. The perfection to which the invention of the telephone has been brought has immensely'facilitated the inter-communication of individuals at distant points, and inasmuch as the voice of the speaker is heard, in most, if not in all cases, the identification of the speaker should be possible. • The very facility of communication and of identification permits, and, therefore, imposes a duty upon the party who invokes judicial action upon the strength of information so received, to state his knowledge or his grounds for believing that it actually came from the party required to furnish it.
*207 To authorize an attachment to issue upon the affidavit furnished here was in disregard of the rule which requires that the source of information shall be disclosed in such a way as to enable the' court to decide upon the probable truth of the statements and the authenticity of the jurisdictional facts. Judicial action upon such a source of information as was here disclosed was justified below by analogy with telegraphic communication. The analogy is incomplete. If the information comes through the telephone, it is quite possible to identify the speaker. Then, too, there is not, in the case of a telephonic communication, any record, like the message which, in the case of the use of the telegraph, remains for reference and verification.
For these reasons, as well as for those stated in the opinion of Mr. Justice BARRETT, at special term, and of Mr. Justice Van Brunt, dissenting, at the general term, the order of the general term should be reversed and that of the special term should be affirmed, with costs in all the courts.
All the judges concurred.
Ordered accordingly.
Note on the Competency as Evidence of Communications Received through the Telephone.
The case in the text seems to determine in a satisfactory way the competency of communications by telephone, as evidence for the court on a motion, by affidavits, as distinguished from the competency of such statements as common law evidence on the trial.
It is well settled that a court may in its discretion and within proper limits receive hearsay evidence in affidavits upon a motion, and the chief safeguards are found in requiring oath to belief, and also information as to the sources from which the adverse party can ascertain the truth of the statements for the purpose of counter affidavits.
The following notes of cases show the present state of the authorities on the use of telephone communications as common law evidence on the trial.

*208
Notes of Cases.

Recognition of voice.] Missouri Pacific Railway Co. v. Heidenheimer, 82 Tex. 195. Action against a railroad company for non-delivery of goods. A witness testified that he called up defendant’s-freight office to inquire if the goods in controversy were there, and received a reply that they had been shipped back; that he was accustomed to transact business with defendant’s office, and that he recognized the voice of the person who answered as the voice of one of defendant’s employees, but that he could not remember his name.—Held, that there was sufficient evidence that the person answering was defendant’s agent, to render evidence of his reply competent.
Obermann Brewing Co. v. Adams, 35 Ill. App. 540. Action for price of goods. One of the plaintiffs was permitted to testify, that he called up defendant’s office upon the telephone, and received an affirmative to an . inquiry as to whether a certain person was-authorized to buy for defendant. The witness did not recognize the voice, and did not know with whom he had communicated, —Held, that the admission of such testimony was error, there being-no proof that the person who made the answer had any right to act for defendant.
People v. Ward, 3 N. Y. Crim. 483. Larceny. A witness who recognized defendant’s voice may testify as to a conversation with him through the telephone.
Stepp v. State, 31 Tex. Crim. R. 349; s. c., 20 Southwest Rep. 753. In a prosecution for theft, held, that it was competent for a witness who recognized defendant’s voice, to testify as to his statements made over a telephone.
Presumption from usage ofthe parties.] Rock Island, Peoria Ry. Co. v. Potter, 36 Ill. App. 590. In an action against a railroad company for the death of hogs caused by defendant’s neglect to deliver, —Held, that an answer to a telephone inquiry as to the arrival of the hogs, made at an office where consignees generally got such information from the railroad, was admissible as showing prima facie that the communication came from a servant of defendant.
Responding to telephone number.] Globe Printing Co. v. Stahl, 23 Mo. App. 451. Action for breach of contract. Plaintiff’s bookkeeper as a witness testified that he “ called up by telephone to the general office of the Bell Telephone Co. for defendant’s number, and was by the Central Office connected therewith that the list of *209 the telephone company showed that the defendant had two telephone numbers, and that the witness, to the best of his recollection, called up a certain one of them; that there was an answer from defendant’s number to the telephone call, that witness did not know whose voice it was, but he asked through the telephone if that was the defendant, and the answer was, Yes.”—Held, that the admission of witness’s testimony as to the subsequent conversation had over the telephone on such occasion was proper, upon the principle that those evidentiary matters upon which men may be compelled to act in the ordinary affairs of life, and in the usual transaction of business, ought to be allowed to go to the jury, in cases where they become material to the issues upon the trial.
Presumption of authority of one speaking for customer who has the telephone in his office.~\ Wolfe v. Missouri Pacific Railway Co., 97 Mo. 473, One who places himself in connection with a telephone system through an instrument in his office, thereby invites communications in relation to his business through that channel; and conversations so held are as admissible in evidence as personal interviews by a customer with an unknown clerk in charge of a shop; and the fact that the voice at the telephone was not identified, does not render the conversation inadmissible.
Operator serving like an interpreter,j Sullivan v. Kuykendall, 82 Ky. 483. Action upon a contract. Plaintiff went to a public telephone office, and expressed a wish to communicate with defendant at B. The operator at B, having been called up, sent for defendant. The defendant used the instrument himself, but the operator spoke for plaintiff and told him what defendant said.—Held, that it. was competent for plaintiff to prove by himself and others what the: operator said to him as coming from defendant.
The court say : “ When one using the telephone, if he knows: that he is talking to the operator, he also knows that he is making him his agent to repeat what he is saying to another party; and, in such a case, certainly the statements of the operator are competent, being the declarations of the agent, made during the progress of the’ transaction.”
Oskamp v. Gadsden, Neb. 1892, 52 Northwest R. 718. Defendant called at a public telephone office, and asked the operator to request plaintiff to step to the telephone in their place of business at CK One of the plaintiffs answered the call, but owing to the condition of the atmosphere, the conversation had to be carried on through an operator at an intermediate station.—Held., in an action upon an alleged contract made by such communication, that it was *210 ■competent for defendant to testify as to plaintiff’s answers as repeated to him by the operator.
Identity shown by other evidence,] Davis v. Walter, 70 Iowa, 465. Evidence of an alleged conversation by telephone with one of the ■defendants, is not to be excluded upon the ground that it is not ■shown that the person conversed with was, in fact, one of the defendants, when that fact sufficiently appears by the testimony of another of the defendants.
Impeaching notarial acknowledgment taken through a telephoned] Banning v. Banning, 80 Cal. 271; s. c. 13 Am.St.Rep. 156. Action for partition. Where there was no fraud, the acknowledgment of a married woman, made out by a notary in due form, cannot be impeached by showing that the acknowledgment was taken through a telephone.
(The court disclaims any intention of holding that under any ■circumstances an acknowledgment may be properly taken through .a telephone.)
Rule against hearsay applied.] Wilson ». Coleman, 81 Ga. 297; s. c., 6 S. E. 693. In an action for non-delivery of oats, one of the plaintiffs was allowed, against exception, to testify as to a demand made by his clerk, through the telephone, on defendant for the ■oats, and defendant’s reply as repeated to him by the clerk.-—Held, ■that this was error ; the evidence was merely hearsay.
Morrell v. Koerner-Parker Lumber Co., 51 Mo. App. 592. Telephonic messages which do not purport to come from the opposing party, or one shown to be his agent, are irrelevant and are properly excluded.
Distinguishing Globe Printing Co. v. Stahl, 23 Mo. App. 451.