MARTIN *v.* TURNER, executor, *et al.*

A petition for reformation of a bond for title and a deed, and for partition of land or of its proceeds on sale of it, *held* subject to general demurrer and dismissal.

No. 6245.   MARCH 14, 1918.   ADHERED TO ON REHEARING, MAY 15, 1928.

Equitable petition. Before Judge Wood. Jackson superior court. August 8, 1927.

*John J. Strickland* and *Rupert A. Brown,* for plaintiff.

*Jere S. Ayers* and *Pemberton Cooley,* for defendants.

GILBERT, J. The exception is to a judgment sustaining a general demurrer to the petition which alleged, in substance, as follows: G. H. Martin, petitioner, and J. L. Martin purchased from J. N. Smith a described tract of land for a total consideration of $1500. Petitioner agreed to pay and paid $600 in cash, and J. L. Martin agreed to pay $900. J. L. Martin borrowed $900 from Sarah A. Turner, and the entire purchase-price was accordingly paid. J. C. Turner, son of Sarah A. Turner, and a lawyer and banker, was employed by all concerned to draw the papers in such manner as to carry out the agreement and to protect all parties interested. "It was understood by the parties that the deed from J. N. Smith was to be drawn so as to convey to petitioner a six-fifteenths interest and to the said Sarah A. Turner a nine-fifteenths interest

in and to said described land, so as to protect their said several interests; petitioner having paid $600 of the purchase-money, and the said Sarah A. Turner having loaned $900 to J. L. Martin to pay his part of the same." "On April 3, 1914, J. C. Turner, the defendant, wrote J. L. Martin as follows: 'In reference to the loan, I will expect for Mr. Smith to make a deed to Hamp Martin, and then for Hamp to make a warranty deed to Mrs. Sarah A. Turner.' The said J. C. Turner drew all the papers. Plaintiff was unwilling to have the deed made in this way, and it was agreed that the papers should be drawn so as to protect both Mrs. Turner and plaintiff. Petitioner did not know the effect of the papers, and for a long while thought the bond for title as made to him had that effect." The deed from Smith should have conveyed the land to Sarah A. Turner and petitioner in proportion to the amounts paid, but instead it conveyed the entire interest in the land to Sarah A. Turner for the expressed consideration of $900, and she thereupon executed a bond for title obligating herself to make petitioner a deed to the entire tract upon payment to her by J. L. Martin of his note for $900. Petitioner was "entirely unskilled in the law, and did not know the effect of said papers, and is persuaded that the said J. C. Turner himself did not realize the effect of them, and by mistake of law executed the papers as he did instead of executing them so as to carry out the contracts made." The effect of the deed from Smith to Sarah A. Turner was to create a trust in so far as petitioner's interest was concerned, she holding the legal title for a 9/15 interest in the land and an equitable title in favor of petitioner for the remaining 6/15. Petitioner has been in actual possession of the land since April 7, 1914, the date on which said purchase was made, and during that time has in good faith built on said land a dwelling at a cost of $700 which added that much or more to the value of the property. The land can be partitioned so as to equitably divide off to him 6/15 thereof to include said dwelling; but if it could not be divided in kind, petitioner would be entitled to be reimbursed to the extent of the cost of said dwelling. Sarah A. Turner died July 1, 1914, and J. C. Turner is her duly qualified executor. J. N. Smith is dead, and his widow is his executrix. J. L. Martin is dead, and petitioner as his administrator was made a party defendant. The petition prayed that the deed be reformed in accordance with the

allegations above set out; that the bond for title be so reformed as to be conditioned to convey to J. L. Martin 9/15 interest in the land upon payment of the note signed by him to the estate of Sarah A. Turner; that the land be partitioned so as to give petitioner a 6/15 interest with the house he built, and the remainder to the estate of Sarah A. Turner; and, if it should be determined that the land can not be divided in kind, that it be decreed to be sold and petitioner first paid $700 for improvements, the remainder to be divided in accordance with the allegations of the petition; etc. The petition was filed on August 14, 1924.

1. The court did not err in sustaining the general demurrer and dismissing the petition. "'If mistake is relied on, it must be distinctly charged and stated with precision, the particular mistake being shown and how it occurred. In other words, the pleader should state why the terms of the actual contract happened to be left out, or how terms not agreed on came to be inserted.' 23 R. C. L. 361." *Frank* v. *Nathan,* 159 *Ga.* 202, 208 (125 S. E. 66); Civil Code (1910), §§ 4578, 4579, 4581.

2. The allegation that "It was understood by the parties that the deed from J. N. Smith was to be drawn so as to convey to petitioner a six-fifteenths interest and to said Sarah A. Turner a nine-fifteenths interest," etc., construed in connection with the other allegation that "On April 3, 1914 [prior to the completion of the purchase], J. C. Turner, the defendant, wrote J. L. Martin as follows: 'In reference to the loan, I will expect for Mr. Smith to make a deed to Hamp Martin [construed to be petitioner], and then for Hamp to make a warranty deed to Mrs. Sarah A. Turner,'" shows that it was the understanding that Mrs. Turner should have a deed to the entire interest as security for the loan.

. 3. In view of the fact, shown by the petition, that petitioner held the bond for title ten years after the purchase and taking possession of the land and ten years after the death of Mrs. Turner, grantee in the security deed, with no allegation of fraud or that the petitioner could not read, the allegation that "Petitioner did not know the effect of the papers, and for a long time thought the bond for title as made to him had that effect," the effect for which the petition prayed, does not entitle petitioner to reformation. Civil Code (1910), §§ 4571, 4581; *Akin* v. *Bullard,* 134 *Ga.* 665 (68 S. E. 482); *Weaver* v. *Robinson,* 134 *Ga.* 149 (67 S. E. 662);

*Stokes* v. *Humphries,* 152 *Ga.* 621 (111 S. E. 36); *Eliopolo* v. *Eicholz,* 161 *Ga.* 823 (131 S. E. 889).

4. Applying the foregoing principles, it follows that the judgment dismissing the petition was not erroneous.

<div align="center">

*Judgment affirmed. All the Justices concur.*