SMITH *v.* MOORE, administrator, *et al.*

No. 12167. MAY 11, 1938.

*J. L. Smith,* for plaintiff in error. *Willis Smith,* contra.

RUSSELL, Chief Justice. B. L. Smith brought his petition against Olin Moore as administrator of the estate of J. B. Moore, and J. L. Kinnerly, for injunction, cancellation, and general equitable relief. A general demurrer to the petition was sustained, and the petitioner excepted.

It is alleged in the petition: "2. Petitioner shows that prior to and during the year of 1926 he was indebted to the Georgia State Bank at Bowdon, Georgia, in an amount approximating $700, and during said year the superintendent of banks sold the assets of said bank to L. E. Wilson, J. G. Smith, W. L. Brooks, and J. B. Barnes as trustees of said bank. 3. That on January 21, 1927, your petitioner renewed his indebtedness to said bank by executing a note to L. E. Wilson, J. G. Smith, W. L. Brooks, and J. B. Barnes as trustees of said bank, and executed a security deed to said trustees to secure said debt to the following described land to wit: . . 4. Petitioner shows that the Georgia State Bank of Bowdon closed and was turned over to the State superintendent of banks on July 14, 1926, and the superintendent of banks undertook to sell the assets of said bank, including the debt of your petitioner, to the above-named trustees. 5. Petitioner shows that after he executed the note and deed to said trustees as aforesaid that said note and deed were by said trustees transferred to J. B. Moore and J. L. Kinnerly in payment of deposits of funds belonging to them in the Georgia State Bank at the time it was closed. 6. Petitioner further shows that the said Olin Moore as administrator of the estate of J. B. Moore, deceased, and J. L. Kinnerly, through and by their attorney at law, Willis Smith, acting under a power of sale in said security deed, have advertised petitioner's property herein described for sale on the first Tuesday in February, 1934. 7. Petitioner shows that the note and deed executed by him was procured by fraud by the defendants in this case, and that no title passed from Georgia State Bank or the superintendent of banks to said indebtedness to the above-named trustee, and that no title passed from said trustees to the defendants of the indebtedness of petitioner or the lien on his property, for the reason that the purported sale from the superintendent of banks of the assets of the Georgia State Bank to the within named trustees was illegal, null and void, and passed no title to the assets of said bank, and said trustees could not transfer the assets be-

longing to said bank to the defendants, and said transfer was therefore illegal, null and void, and passed no title, and the defendants are not therefore the legal owners of said indebtedness and lien and have no right to proceed to sell petitioner's property. 8. Petitioner further charges that the above-named trustees had no legal right to renew said indebtedness owing to the Georgia State Bank, taking a note and deed payable to said trustees, for the reason that the purported purchase of said bank's assets was illegal, and that said named trustees had no right to transfer said indebtedness and security deed to the defendants in payment of their deposits in said bank, for the reason that the law requires that the common depositors be paid on a pro rate basis; and for this reason said transfer was illegal. 9. Petitioner further alleges that said indebtedness and lien upon his land belongs to the depositors and other creditors of the Georgia State Bank, and that there is now pending in this court a suit to recover the assets of said bank for the benefit of the depositors and other creditors; and he charges that he is liable to the creditors of said bank in the amount of his indebtedness; and that if the defendants are permitted to sell his property under said deed, that the creditors of said bank will still have a right of action against him for said debt. 10. Petitioner further alleges that the purported sale and purchase of the assets of said Georgia State Bank by said trustees was held to be illegal and void [under the law] of Georgia, in the cases of *Mobley* v. *Martin,* 166 *Ga.,* page 820 [144 S. E. 747], and *Chancey* v. *Citizens Bank of Eustis, Florida,* 168 *Ga.* 171 [147 S. E. 383], and in *Gormley* v. *Wilson et al.,* 176 *Ga.,* page 711 [168 S. E. 568]. . . 13. Petitioner charges the above-named trustees had no title to the note made payable to the Georgia State Bank by him, and the representations made by them that they owned said note and had purchased the same amounted to a fraud upon petitioner, and the procuring of a renewal of said note payable to said trustees together with a deed to secure the same, and the transfer of said note and deed to the defendant, was illegal, and that the execution of said note payable to said trustees would not and did not amount to a settlement and satisfaction of the note held by the Georgia State Bank against petitioner, and that said note was and is without consideration, and the deed securing the same executed to said trustees was and is without consideration."

It will be noted from the foregoing that petitioner nowhere alleges that he did not know, at the time he renewed his indebtedness to the bank, of the alleged invalidity of the purchase by the trustees of the bank's assets, including his indebtedness. Nor is it asserted that the defendants (the transferees of the trustees) had any notice or knowledge of any defect in the title acquired by the trustees from the superintendent of banks. Properly construing the petition, it thus appears that petitioner executed the renewal note and deed to the trustees with full knowledge of the facts surrounding the purchase of the bank's assets by the trustees. This note and deed were executed on January 21, 1927. Petitioner does not allege when this note matured, or when the trustees transferred it to the defendants. The petition was filed August 4, 1934, more than seven years after the execution of the note and deed. No facts are alleged to support the statement in paragraph 7 of the petition that "the note and deed executed by him was procured by fraud by the defendants in this case," etc., and in the absence of supporting facts this statement is a mere conclusion of the pleader. Even if the petitioner in this case is not barred by his laches from the relief sought (see *Aken* v. *Bullard*, 134 *Ga.* 665, 68 S. E. 482; *Martin* v. *Turner*, 166 *Ga.* 293, 143 S. E. 239), no case is made for cancellation of the note and deed involved, there being no fraud, deceit, mistake, or other equitable ground stated therefor. The court did not err in sustaining the general demurrer to the petition. *Judgment affirmed. All the Justices concur.*