### BARRON et al. v. DARDEN et al.

WYATT, Justice. Mrs. Effie C. Barron and A. V. Barron brought suit against Mrs. Doris Darden, Mrs. J. C. Newton, Mrs. Ivaline Newton Dunaway, and Tom Dunaway, seeking the reformation of a deed executed by M. W. Barron to Mrs. Alma Newton conveying certain described real property. Both M. W. Barron and Mrs. Alma Newton, the original parties to the deed, have died. Mrs. Effie C. Barron is the wife of M. W. Barron and a legatee under his will, and A. V. Barron is the son of M. W. Barron, and the grantee in a deed from Mrs. Effie C. Barron to certain real property she received under the will of M. W. Barron. The defendants, except Tom Dunaway, are the children and all the heirs of Mrs. Alma Newton. The petition alleges that there has been no administration of the estate of Mrs. Alma Newton, nor has there been a legal representative appointed. The petition further alleges: that on July 20, 1927, M. W. Barron executed a deed to a tract of land to Mrs. Alma Newton, the deed here sought to be reformed; that when the deed was drawn, it was understood that the tract should front 190 feet along a named public road, but: "By accident or mistake, however, the deed was so drawn as to include a frontage of 210 feet on the said public road. The land being described as running, 'thence west to the line of the old Blalock place, a distance of one hundred and ninety (190) feet.' While the line of the old Blalock place is 210 feet from the point of measurement. By insertion of the above-quoted words, 'Thence west to the old Blalock place, a distance of 190 feet', the deed as made conveyed 210 feet, which 210 feet included a twenty-foot strip, part of which was being used as a way of egress and ingress to other properties of M. W. Barron, and now other properties of A. V. Barron. This twenty-foot strip was by express agreement not to be included in the conveyance, as it was the only way of egress and ingress to properties of M. W. Barron." It is further alleged that defendants Mrs. Ivaline Dunaway and Tom Dunaway are claiming title to the 20-foot strip by virtue of two deeds executed to them by Mrs. Alma Newton; and that M. W. Barron, and plaintiffs claiming under him, have been in peaceful possession of the 20-foot strip at all times. It is alleged that the mistake was not discovered until 1947, when the City of Thomaston sought to annex the land in question. The petition shows that the deed sought to be reformed was recorded in 1929. The prayers are that the deed be reformed to speak the true intention of the parties, and that such other relief be granted as the court may think proper. The defendant

in the court below filed a general demurrer to the petition, and the demurrer was sustained. The exception here is to that judgment. *Held*:

1. It is insisted by the defendant in error, among other things, that the claim of the plaintiff in error is barred by laches. "In determining whether there has been laches there are various things to be considered, notably the duration of the delay in asserting the claim and the sufficiency of the excuse offered in extenuation of the delay, whether plaintiff acquiesced in the assertion or operation of the corresponding adverse claim, the character of the evidence by which plaintiff's right is sought to be established, whether during the delay the evidence of the matters in dispute has been lost or become obscured or the conditions have so changed as tó render the enforcement of the right inequitable, whether third persons have acquired intervening rights. . ." *Cooper* v. *Aycock*, 199 *Ga.* 658, 666 (34 S. E. 2d, 895). "Equity gives no relief to one whose long delay renders the ascertainment of the truth difficult, though no legal limitation bars the right." Code, § 37-119. The deed sought to be reformed in the instant case was executed over 22 years ago. It was placed on the public records over 20 years ago. In the intervening period, both principals to the deed, the only persons who would have known the true intentions of the parties, have died. The name of the scrivener is not alleged, nor is it alleged that he is alive or available as a witness. The land has been transferred to other parties. No sufficient reason is given why the mistake was not discovered sooner, when those most familiar with the transaction were still available to testify. "Equity will relieve against a mutual mistake, but only at the instance of a complainant who moves with reasonable diligence. What is a reasonable time must necessarily depend upon the peculiar facts and environments of the particular case. The deed asked to be reformed was executed twenty-three years before the institution of the suit to reform it. The petition does not disclose the name of the scrivener, nor is it negatived therein that the plaintiff knew of the precise terms of the deed from the date of its execution. He alleges that Bullard knew of the mistake at the time he took his second conveyance from Mrs. Pendergrass in 1899. This deed was spread upon the public records a day or two after its execution and yet the plaintiff waited more than nine years before he aroused himself from lethargy. No excuse is given for the plaintiff's long delay. The witnesses to the partition agreement may be dead; the scrivener may have passed away, for aught that appears in the deed. The memory of the parties may be dimmed after the lapse of a quarter of a century. It is incumbent on the plaintiff, in order to repel the presumption of unreasonable delay, to allege in his petition the impediments to an earlier prosecution of his claim. 12 Enc. Pl. & Pr. 834. This was not done. The laches of the plaintiff is so palpable from the petition that its dismissal on demurrer was proper." *Aken* v. *Bullard*, 134 *Ga.* 665 (68 S. E. 482). It follows from what has been said above, the claim in the instant case was barred by laches, and it was not error to sustain the general demurrer to the petition.

It becomes unnecessary to consider the other questions raised by the bill of exceptions.

*Judgment affirmed. All the Justices concur.*

No. 17244.' October 11, 1950.

*Crawley & Crawley,* for plaintiffs.
*Salter & Mahler,* for defendants.