## 40062. MANGHAM v. HOTEL & RESTAURANT SUPPLY COMPANY.

RUSSELL, Judge. 1. Mutual mistake may be a good defense in law to the enforcement of a contract. *Code* § 20-308. But a defendant seeking in a court of law to avoid his contract for this reason must allege the grounds of the mistake as fully as he would be required to do in a court of equity. *Lowery v. Davidson,* 44 Ga. 38 (3); *Hargrove v. Bledsoe,* 78 Ga. App. 107 (50 SE 223). This means that the pleading must show the particular mistake and illustrate how it occurred, why the terms of the contract which the pleader insists should have been inserted were left out, or how terms not agreed upon came to be inserted. *Martin v. Turner,* 166 Ga. 293 (1) (143 SE 239); *Frank & Co. v. Nathan,* 159 Ga. 202, 208 (125 SE 66); *Helton v. Shellnut,* 186 Ga. 185 (1) (197 SE 287). "The erroneous conception or conviction of the understanding which constitutes the equitable notion of mistake has nothing in common with negligence; equity will not relieve a person from his erroneous acts or omissions resulting from his own negligence." *Callan Court Co. v. C. & S. Nat. Bank,* 184 Ga. 87, 129 (190 SE 831). See also *Code* §§ 37-116, 37-211. Where from all the allegations of the pleader it appears that he showed no diligence in ascertaining the nature of the contract he signed, neither a court of law nor equity will relieve him of the consequences. *Robertson v. Panlos,* 208 Ga. 116 (65 SE2d 400).

2. The plaintiff here sued the defendant on two promissory notes reciting they are for sums "owing by me to Hotel Restaurant Supply Co., Inc." and signed "W. G. Mangham." Defendant answered setting up that he is president of Mecca Foods, Inc.; that the notes "were mistakenly executed by defendant individually when in fact both plaintiff and defendant knew at the time that said notes were executed that they were to be executed on behalf of Mecca Foods, Inc. as part of the purchase price for equipment" described in a conditional-sale contract containing only the typed signature "Mecca Foods Incorporated"; that at the time he was 73 years of age, was ill on the date in question and "should not be held responsible by the plaintiff for a slip of the pen when the plaintiff well knew and intended at the time that the notes were to be executed on behalf of Mecca Foods, Inc. and not by your de-

fendant individually." Attached by amendment is a document signed by plaintiff reciting: "All contracts and notes signed this date in regard to equipment sold to Mecca Foods, Inc., is subject to lease," etc. A general demurrer to the plea was sustained and judgment thereafter entered in favor of the plaintiff by the trial court, these orders forming the basis of the writ of error.

3. The defendant fails to allege unequivocally that the notes were intended by the parties to be signed by Mecca Foods, Inc. by defendant as president, but only alleges that they were intended to be signed by the defendant "on behalf of" Mecca Foods; likewise, the plaintiff's memorandum refers to "notes in regard to equipment sold to Mecca Foods," but not to notes which were the obligation of Mecca Foods, Inc. The defendant fails to allege that the plaintiff accepted the notes under the mutual misapprehension that they were a corporate rather than an individual undertaking and thus fails to allege a mutual mistake of fact; he fails to allege any facts negativing an imputation of gross negligence on his part in signing as he did, and fails to allege any facts showing how the mistake occurred. Furthermore, the mistake, if mutual, involves not only the plaintiff and defendant but another entity not a party hereto—the purchaser Mecca Foods, Inc. which the defendant as its president and alter ego (*Franklin Savings &c. Co. v. Branan,* 54 Ga. App. 363, 188 SE 67) claims should be bound in his place. The defendant seeks to interpose an equitable defense without offering to do equity—that is, he says in effect that not he but the corporation of which he is president should be bound by the obligation, but does not as such president tender the evidence of corporate indebtedness to which he admits plaintiff is entitled under his own contentions or show that such corporation (a party to the mistake if it was in fact a mutual mistake) concurs in his assertion that it is the true debtor. The effect of the plea if allowed would be to deprive the plaintiff of any legal entity against which to assert its acknowledged right to payment of purchase money.

The trial court did not err in striking the plea of mistake and in entering up judgment for the plaintiff.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

DECIDED APRIL 15, 1963.

*Claude Hambrick,* for plaintiff in error.
*Sam G. Dettelbach,* contra.