44197. HOUSTON v. JEFFERSON STANDARD LIFE INSURANCE COMPANY.

ARGUED JANUARY 7, 1969—DECIDED MAY 20, 1969.

*Adams & Greenholtz,* for appellant.

*Perry, Walters, Langstaff, Lippitt & Campbell, Henry C. Custer,* for appellee.

QUILLIAN, Judge. The parties stipulated that the plaintiff delivered a check to Jack Jenkins for $1,500; that $1,000 was remitted to the defendant as a liquidated damage deposit; that $500 was retained by Jack Jenkins, "which defendant calls a brokerage fee." Since this action was not brought against Jack Jenkins, $500 of the $1,500 is not in issue here and we determine only whether the plaintiff was entitled to the refund of $1,000 given as a 2% liquidated damage deposit.

The appellant contends that the evidence shows that Jack Jenkins was the defendant's agent. As a result, Jenkins' actions and statements would thus be attributed to his principal, the defendant. Since the case sub judice involves the defendant's motion for summary judgment, we assume, but do not decide, that there was some evidence that Jenkins was the defendant's agent. However, the essential issues for consideration in this case involve (1) whether there was a valid contract, and if so (2) was there a modification or novation regarding the "closing date?"

(a) Under the terms of this contract the loan was to be closed in December 1967, over one year after the execution of the contract. The statute of frauds provides that a contract not to be performed within one year must be in writing. *Code* § 20-401 (5). To constitute a writing within the meaning of the statute of frauds our courts have held that there must be

a writing binding on the party sought to be charged. *Capital City Brick Co. v. Atlanta Ice &c. Co.*, 5 Ga. App. 436, 442 (63 SE 562). "The statute of frauds does not require that all the terms of the contract should be agreed to or written down at one and the same time, nor on one piece of paper; but where the memorandum of the bargain is found on separate pieces of paper, and where these papers contain the whole bargain, they form together such a memorandum as will satisfy the statute, provided the contents of the signed paper make such references to the other written paper or papers as to enable the court to construe the whole of them together as containing all the terms of the bargain." *North & Co. v. Mendel & Brother*, 73 Ga. 400 (2); *Gordon v. Beck & Gregg Hardware Co.*, 74 Ga. App. 566, 572 (40 SE2d 428). This contract, while evidenced by more than one memorandum, did contain sufficient reference to enable the court to construe them as one complete whole.

(b) The appellant contends that Jenkins, as agent for the defendant, made certain statements over the telephone which showed a variance as to the contractual provisions relative to the closing date. The plaintiff testified that Jenkins made these statements over the telephone to Owens, an officer of C. & S. Bank, while Owens was in his presence and that Owens told him what Jenkins said. Under the ruling in *Wilson v. Coleman & Ray*, 81 Ga. 297 (3) (6 SE 693), this evidence was hearsay and of no probative value. *Stow v. Hargrove*, 203 Ga. 735 (6) (48 SE2d 454); *Longstreet v. Longstreet*, 205 Ga. 255 (4) (53 SE2d 480). Moreover, contemporaneous parol evidence is not admissible to vary the terms of a written contract. As held in *Mergenthaler Linotype Co. v. Glover Printing &c. Co.*, 58 Ga. App. 634 (199 SE 756), one cannot make an unambiguous contract ambiguous by the introduction of parol evidence.

(c) The appellant also contends that since Jenkins was the defendant's agent and the two telegrams containing the contents of the agreement were sent to him there was no affirmance of the contract communicated to the plaintiff. The letter dated June 10, 1966, from Jenkins to the plaintiff communicated the fact that the company had accepted his counteroffer and also

recited that attached thereto were two telegrams. The stipulation of the parties recited: "The plaintiff received or someone in his behalf, a letter dated June 10, 1966, stating that 'attached are telegrams dated June 1 and June 10, 1966 approving $50,000 loan according to your acceptance letter dated June 7, 1966' from plaintiff's district manager."

While at one point in his deposition the plaintiff denied that he ever received a commitment from the defendant, later on cross examination he stated: "I do not recall receiving this letter or the telegram as such; however, I will stipulate to save time that we might as well assume that I received it. It is addressed to me."

In view of these circumstances there was a clear showing that the plaintiff received notice of the acceptance.

(d) The appellant also contends that a series of letters sent by various agents of the defendant constituted a modification or novation of the provisions of the contract concerning the closing date.

Where the contract is required under the statute of frauds to be in writing a modification of it must also be in writing. *Simonton v. Liverpool Ins. Co.*, 51 Ga. 76 (1); *Mitchell v. Universal Life Ins. Co.*, 54 Ga. 289, 291; *Augusta S. R. Co. v. Smith & Kilby Co.*, 106 Ga. 864, 866 (33 SE 28). Furthermore, the modification requires a new consideration. *Phelps v. Belle Isle*, 29 Ga. App. 571 (3) (116 SE 217); *P. & O. Machine Works v. Pollard*, 115 Ga. App. 96 (1) (153 SE2d 631); *Wynn, Shannon & Co. v. Cox*, 5 Ga. 373; *Smith v. Newton*, 59 Ga. 113 (5). As pointed out in *Long Tobacco Harvesting Co. v. Brannen*, 98 Ga. App. 142 (105 SE2d 390), for there to be a novation there must be sufficient terms to constitute a new contract.

With this in mind we consider the letters from the defendant's agents. The first letter dated June 10, 1966, from Jenkins to the plaintiff contained a statement that, if the plaintiff wanted to change the closing date, he could request it through the company. Two other letters from another agent of the defendant dated June 28 and June 29, 1966, were to the effect that defendant was interested in ascertaining when the plaintiff desired to

close his loan. There was no showing that the parties ever agreed to a particular closing date. Thus, the letters themselves at most amounted to no more than an offer to consider a modification of the contract. There being no new agreement or consideration, there was no modification or novation of the contract.

If the letters be considered as evidencing a mutual mistake of the parties, these principles are applicable: "The pleading must show the particular mistake and illustrate how it occurred, why the terms of the contract which the pleader insists should have been inserted were left out, or how terms not agreed upon came to be inserted." *Mangham v. Hotel &c. Supply Co.,* 107 Ga. App. 619 (131 SE2d 74). The opinion in that case further pointed out that where the plaintiff showed no diligence in ascertaining the nature of the contract he signed, neither a court of law nor a court of equity would relieve him of the consequences. "One seeking to avoid the obligation of a contract by a defense of mutual mistake in a court of law is bound by the same principles as in a court of equity." *Romine, Inc. v. Savannah Steel Co.,* 117 Ga. App. 353 (2) (160 SE2d 659). While no new consideration is required (*Bullock v. Johnson,* 110 Ga. 486, 490 (35 SE 703)), the requirements as outlined in *Mangham v. Hotel &c. Supply Co.,* 107 Ga. App. 619, supra, must be met. In view of the fact that the defendant pierced the allegations of the petition, eliminating the existence of a genuine issue, the evidence in this regard, even though construed in the plaintiff's favor, was not sufficient in law to show mutual mistake.

Since there was a valid, unmodified contract and the proof negated the allegations that the defendants failed to perform thereunder, the trial judge did not err in granting the defendant's motion for summary judgment.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*