## 47132. WESTERN GEOPHYSICAL COMPANY OF AMERICA v. ROWELL.

EBERHARDT, Presiding Judge. Allen S. Rowell filed his complaint against Western Geophysical Company of America, alleging that his building in the community of Hortense was damaged in the amount of $4,000 by tremors and vibrations set off by defendant in its search for crude oil and natural gas deposits. The jury returned a verdict for plaintiff in the amount of $4,000, and from the judgment thereon defendant appeals.

1. Error is enumerated on the denial of defendant's motion for directed verdict on the ground that there was no proof that the claimed damages were caused by defendant. There was ample evidence on this issue to be passed upon by the jury, and we find no error here.

The evidence shows that at approximately 1:45 p.m. on October 2, 1970, plaintiff and his wife heard a series of explosive vibrations which trembled the building. On a street adjacent to the building they observed a caravan composed of large trucks setting off explosive charges and approximately seven or eight other vehicles. The large trucks stopped, the wheels were raised up and a base plate went down, and a loud, explosive noise occurred, trembling everything.

Plaintiff introduced defendant's response to interrogatories by which defendant affirmed that it did have a mineral research party in Brantley County and in the vicinity of Hortense on October 2, and further stated the locations, distances apart, and the manner in which the vehicles operated in the community of Hortense. The manner of operation as described by defendant is substantially consistent with the description given by plaintiff's witnesses, and it appears that the vehicles were engaged in an activity followed by the defendant, viz., exploration for minerals. Plaintiff also introduced a request for admission by which defendant admitted that its oil exploration equipment as described in its responses to interrogatories

was operating in Hortense on October 2, and plaintiff's wife testified that this was the only oil exploration caravan that came through Hortense that day. While the evidence on the issue of agency is meager, we believe it was enough to raise a jury question. Enumeration 6 is without merit.

2. On direct examination plaintiff's wife was allowed to testify, over defendants' hearsay objection, that it was her estimate it would cost between $4,000 and $5,000 to repair the damages to the building caused by the vibrations. However, there was no evidence to show that she was in any way familiar with the costs of repair to this type building. As to the basis of her estimate, she testified on cross examination: "Q. Where did you get these estimates of the value of the repairs? A. He talked to several people. Q. He—who do you mean? A. Mr. Rowell [plaintiff]. Q. Mr. Rowell? A. Yes. Q. You did not talk with any of them? A. No, I haven't . . . Q. You don't know who these estimates may have come from? A. No, I don't." Defendant then moved to strike her testimony as to her estimate of the cost of repairs, which was overruled, and these rulings are assigned as error.

We reverse. While it has been held that evidence of value is not to be excluded merely because the valuation fixed by the witness as a matter of opinion may to some extent depend upon hearsay (see, e.g., *Gulf Refining Co. v. Smith,* 164 Ga. 811 (4) (139 SE 716); *Powers v. Powers,* 213 Ga. 461 (2) (99 SE2d 818)[1] in the instant case plain-

---

[1]The apparent conflict between these cases and those such as *Harper v. Harper,* 220 Ga. 770, 771 (141 SE2d 403), noted in *Hoard v. Wiley,* 113 Ga. App. 328, 332 (fn. 1) (147 SE2d 782), has been explained in this manner: "The distinction is that in the one case the testimony as to value is not the opinion of the witness being examined, while in the other the opinion is that of the witness and is based partly upon the facts which he has heard as well as his own knowledge." *State Hwy. Dept. v. Edmunds,* 113 Ga. App. 550, 553 (149 SE2d 182).

tiff's wife's estimate of the cost of repairs was not based upon her own knowledge, experience, or familiarity with these matters (*Hoard v. Wiley,* 113 Ga. App. 328, supra). but was based soley upon what several unidentified people told her husband and was thus not competent evidence of the amount of damage (*Kenner v. Whitehead,* 115 Ga. App. 760 (2) (156 SE2d 136); *Turk v. Jackson Electric Membership Corp.,* 117 Ga. App. 631 (161 SE2d 430); cf. *Harper v. Harper,* 220 Ga. 770, 771, supra), was impermissible hearsay (cf. *City of Atlanta v. Atlanta Tile &c. Co.,* 45 Ga. App. 265 (164 SE 224)), was an impermissible attempt by the witness to prove the opinion of others (*Sullivan v. Hugly,* 32 Ga. 316 (1); *Wynes v. State,* 182 Ga. 434, 435 (185 SE 711); *Camp v. Ledford,* 103 Ga. App. 197, 198 (119 SE2d 54)), was hearsay based upon hearsay (*Wilson v. Coleman & Ray,* 81 Ga. 297 (3) (6 SE 693); *Equitable Mortgage Co. v. Watson,* 119 Ga :280, 282 (46 SE 440); *Wynes v. State,* 182 Ga. 434 (2), supra; *Camp v. Ledford,* 103 Ga. App. 197, 198, supra; *Houston v. Jefferson Standard Life Ins. Co.,* 119 Ga. App. 729, 732 (168 SE2d 843); cf. *Bailey v. E. F. Wood & Co.,* 24 Ga. 164; *Todd v. State,* 200 Ga. 582, 587 (37 SE2d 779)), or was "hearsay in the second degree" without probative force or value (*Estill v. Citizens & Southern Bank,* 153 Ga. 618, 625 (113 SE 552)).

Since this objectionable testimony is the only evidence as to repair costs upon which the jury could have based its $4,000 verdict, the error is harmful and requires a new trial.

3. Moreover, even if the testimony of plaintiff's wife as to repair costs could be considered as having probative value, it is insufficient to meet the tests of *Spacemaker, Inc. v. Borochoff Properties,* 112 Ga. App. 512 (145 SE2d 740) and *Zeeman Mfg. Co. v. L. R. Sams Co.,* 123 Ga. App. 99 (179 SE2d 552). In brief, those cases hold that where plaintiff seeks to prove his damages by showing specific injuries and their repair cost, he must establish the rea-

sonable cost of restoration in relation to the specific injuries proved. As pointed out in the opinion on motion for rehearing in the *Zeeman* case, the reason for the rule is that where plaintiff claims a number of separate items of damage, some of which the jury might accept and others that it might reject, they must be furnished sufficient guidelines as to each item or group of similar items in order to arrive at a reasonable cost of repair or restoration for the items they find plaintiff entitled to recover. Or, as stated in *Williams & Templeton v. Brewer,* 93 Ga. App. 603 (1) (92 SE2d 586): "'Where a party sues for specific damages he has the burden of showing the amount of loss claimed in such a way that the jury may calculate the amount of loss from the data furnished and will not be placed in a position where an allowance of the loss is based on guesswork. *National Refrigerator &c. Co. v. Parmalee,* 9 Ga. App. 725 (72 SE 191).' *Studebaker Corp. v. Nail,* 82 Ga. App. 779, 785 (62 SE2d 198); *Davis v. Price,* 72 Ga. App. 565 (34 SE2d 565)."

In the instant case recovery was sought in the complaint for cracks and crevices in the walls and damage to plaintiff's water well and drainage lines of his septic tank. During the trial plaintiff elected to prove his damages by showing what it would cost to repair or restore the building to its former condition, and to this end there was considerable testimony as to the specific injuries, consisting principally of cracks and leaks in the cement block building. However, while plaintiff testified as to the nature of the damage to the drainage line, the type of work necessary to repair it, and the cost thereof ($50), there is no similar testimony with regard to the other items of damage claimed. Upon another trial damages should be proved with reasonable particularity as required by *Spacemaker* and *Zeeman,* supra.

4. In view of certain admissions made by defendant, alleged errors in the admission of testimony complained of in enumerations A.,B., and D. will not likely occur on another trial, and no ruling is made as to them.

*Judgment reversed and new trial ordered. Deen and Clark, JJ., concur.*

ARGUED MAY 5, 1972—DECIDED MAY 18, 1972—
REHEARING DENIED JUNE 13, 1972.

*Fendig, Dickey, Fendig & Whelchel, Anthony D. Smith, J. Thomas Whelchel,* for appellant.
*Ronald F. Adams,* for appellee.