supply casual deficiencies of revenue; and that section 7 of the act only authorized the levy of taxes to pay the bonds to be issued under the other provisions of the act, but if any other authority was given by said section, it was in violation of the constitutional provision cited, and schools under the act could not be maintained except by issuing bonds and levying a tax to pay the same.

JAMES C. BARTON and JOHN A. WIMPY, for plaintiffs.

A. C. McCALLA, G. W. GLEATON and GLENN & IRWIN, for defendants.

----

### BLALOCK et al. v. SMITH et al.

ATKINSON, J.—This case is controlled by that of *Greenwood* v. *Boyd & Baxter Furniture Factory*, 86 *Ga.* 582. According to the principle there ruled, the court erred in dismissing the *certiorari*.

February 27, 1895.                                    *Judgment reversed.*

*Certiorari.* Before Judge BARTLETT. Houston superior court. April term, 1894.

Suit was brought in a magistrate's court against Smith and Blasingame, upon a promissory note for $75 with interest, etc. There was a judgment for defendants. Plaintiffs took the cause by *certiorari* to the superior court. The *certiorari* was dismissed upon the ground that the errors complained of were not errors of law, but mixed questions of law and fact. The note sued on was dated September 5, 1890, due sixty days after date, payable to plaintiffs or bearer, and contained a mortgage upon a printing-press and outfit, for which the note was given. On the trial plaintiffs introduced this note and closed. Defendants pleaded the general issue, and payment by way of release. Smith testified, that the note was one of two given for the printing-press etc.; that Wright at one time had the notes for collection as attorney for plaintiffs, and foreclosed the mortgage; that

Smith was going to resist the foreclosure, but Wright agreed that if he would file no defense to it he would release Smith from the debt, saying that all plaintiffs wanted was the press; that some time after this he secured from Wright a written release from payment of the debt, which was signed by Wright as attorney for plaintiffs; that he did not know where this release was, had looked in his desk for it but failed to find it; it might be in a barrel of old papers in his office, through which he had not looked; that he did not know whether plaintiffs ever ratified Wright's action or not; that Smith was then and still is an attorney at law; that the press etc. was worth the amount due on it; that it was duly sold on sale day under the mortgage foreclosure; and that it brought to the best of his recollection $76, and was bought by Wright. Blasingame testified, that on the day before the sale under the foreclosure, Wright asked him not to bid on the press etc. at the sale, saying that all plaintiffs wanted was the press, and agreeing that if witness would refrain from bidding at the sale, he would release witness from the debt; that witness then and there secured from Wright, as plaintiffs' attorney, a written release from the debt, in consideration of his refraining from bidding; that but for this agreement and release he would have attended the sale, for the press outfit had been added to considerably and was worth more than when defendants bought it, and fully worth the amount of the mortgage debt of $150 which was being foreclosed, but having this release he did not attend the sale; that he was at the time a practicing attorney; and that he did not know whether plaintiffs had ratified Wright's action. Plaintiffs' attorney objected to all the evidence regarding the release, on the ground of irrelevancy, there being no valid consideration shown to support a legal release. This objection was overruled. The petition for *certiorari* alleged that

the magistrate erred, in admitting such evidence, in holding valid the release claimed by defendants, and in entering judgment for them.

W. H. HARRIS and A. S. GILES, for plaintiffs.

L. L. BROWN and R. D. SMITH, for defendants.

## GURR v. GURR.

ATKINSON, J.—A writ of *habeas corpus* having been sued out before the ordinary for the custody of a minor child by its father against its mother, the parents at the time living in a state of separation, and the ordinary having awarded the custody of the child to the father, and this judgment having been immediately executed, after which the mother presented to the judge of the superior court a petition for *certiorari* to review all the proceedings in the case had before the ordinary, it was error, after sanctioning the petition for *certiorari*, to add to the sanction an order directing that the sheriff restore the child in dispute to the custody of its mother, the plaintiff in *certiorari*, the judge having no power or authority to grant such order.  *Mayor & Council of Macon* v. *Shaw*, 14 *Ga.* 162; *Lindsey* v. *Lindsey, Ibid.* 657; *Taylor* v. *Gay*, 20 *Ga.* 77; *Board of Commissioners of Burke County* v. *Wimberly*, 55 *Ga.* 570; *Seamans* v. *King*, 79 *Ga.* 613.                     *Judgment reversed.*
February 27, 1895.

*Certiorari.* Before Judge FISH. Houston county. May 28, 1894.

LOUIS L. BROWN, for plaintiff in error.

## THE NEWS PUBLISHING COMPANY v. BUTLER.

LUMPKIN, J.—1. The right of either party to a suit to subject to a thorough and sifting cross-examination the witnesses called to testify against him, is distinctly declared in section 3864 of the code. It is a substantial right, the preservation of which is essential to a proper administration of justice, and extends to all matters within the knowledge of the witness, the disclosure of which is material to the controversy. Hence where, in the progress of a trial, a party who had testified in his own behalf afterwards called a witness to support his testimony, it was error for the presiding judge to deny to his adversary the right to cross-examine such witness