the magistrate erred, in admitting such evidence, in holding valid the release claimed by defendants, and in entering judgment for them.

W. H. HARRIS and A. S. GILES, for plaintiffs.

L. L. BROWN and R. D. SMITH, for defendants.

---

## GURR v. GURR.

ATKINSON, J.—A writ of *habeas corpus* having been sued out before the ordinary for the custody of a minor child by its father against its mother, the parents at the time living in a state of separation, and the ordinary having awarded the custody of the child to the father, and this judgment having been immediately executed, after which the mother presented to the judge of the superior court a petition for *certiorari* to review all the proceedings in the case had before the ordinary, it was error, after sanctioning the petition for *certiorari*, to add to the sanction an order directing that the sheriff restore the child in dispute to the custody of its mother, the plaintiff in *certiorari*, the judge having no power or authority to grant such order. *Mayor & Council of Macon* v. *Shaw*, 14 *Ga.* 162; *Lindsey* v. *Lindsey*, *Ibid.* 657; *Taylor* v. *Gay*, 20 *Ga.* 77; *Board of Commissioners of Burke County* v. *Wimberly*, 55 *Ga.* 570; *Seamans* v. *King*, 79 *Ga.* 613.                  *Judgment reversed.*
February 27, 1895.

*Certiorari.*   Before Judge FISH.   Houston county. May 28, 1894.

LOUIS L. BROWN, for plaintiff in error.

---

## THE NEWS PUBLISHING COMPANY v. BUTLER.

LUMPKIN, J.—1. The right of either party to a suit to subject to a thorough and sifting cross-examination the witnesses called to testify against him, is distinctly declared in section 3864 of the code. It is a substantial right, the preservation of which is essential to a proper administration of justice, and extends to all matters within the knowledge of the witness, the disclosure of which is material to the controversy. Hence where, in the progress of a trial, a party who had testified in his own behalf afterwards called a witness to support his testimony, it was error for the presiding judge to deny to his adversary the right to cross-examine such witness

generally as to all matters material to the case, even though the witness was called merely to rebut testimony already introduced by the opposite party, and had not upon his direct examination testified as to the particular facts sought to be elicited by the cross-examination.

2. Rule 60 of the superior courts deals, not with the right of cross-examining witnesses, but with the manner in which this right is to be exercised. The manner and extent of a cross-examination are, to a certain extent, within the control and subject to the discretion of the presiding judge, but the substantial right should neither be abridged nor denied.

3. Other than as above indicated, no error was committed which requires the granting of a new trial.        *Judgment reversed.*
February 27, 1895.

Complaint on account. Before Judge HARDEMAN. Bibb superior court. April term, 1894.

R. E. Butler sued the News Publishing Company for $267.32 upon an account for 33 weeks salary as business manager and book-keeper, July 9, 1892, to March 4, 1893, at $15 per week; for $61.56 balance of money loaned; and for.$50 due by defendant to E. T. Wade ·on a transfer in writing by Wade to plaintiff; less credits ·of cash and sundries, from July 9, 1892, to March 4, 1893, amounting to $339.34. Under the charge of the ·court and upon a mass of conflicting evidence, the jury found for the plaintiff $208.68, and defendant's motion for a new trial was overruled. The motion assigned ·error upon the following ruling of the court: Ripley' was sworn as a witness for the plaintiff at the opening ·of the case. Plaintiff closed without introducing him. He had also been subpœnaed as a witness for the defendant, which offered testimony and closed its case ·without introducing him. Plaintiff called the witness to the stand, and proceeded to examine him in rebuttal ·of defendant's evidence. On cross-examination, defend-.ant sought to prove by the witness "that the personal account of R. E. Butler beginning with the Troy Laundry and going down to the word 'Goette,' were discov-.ered to have been settled by Butler by crediting against

the bill of the News Publishing Company his (Butler's) personal accounts; that this was discovered by Moore & Wright; and that Ripley entered them because they were so discovered in the way and not by the consent of Butler." Defendant's counsel stated that the object of this testimony was, to meet the testimony of Butler, who had testified in chief that he directed Ripley to make these entries as credits upon the account. The testimony so offered was objected to by plaintiff as not being in rebuttal, and the objection was sustained, the court holding that it was not in rebuttal of anything except the plaintiff's evidence in chief, and that the witness had been in the court-room all the previous day while defendant was rebutting the testimony in chief.

HILL, HARRIS & BIRCH, for plaintiff in error.
HARRIS & HARRIS, *contra*.

---

## PRICE *v.* ROBINSON.

ATKINSON, J.—The issues presented by the bill of exceptions in this case involve only questions of fact; no error of law is alleged to have been committed; and the verdict is supported by the evidence. This court, therefore, will not control the discretion of the trial judge in refusing a new trial.          *Judgment affirmed.*
December 21, 1894.

Levy and claim. Before Judge GAMBLE. Johnson superior court. March term, 1894.

An execution in favor of Robinson, founded upon a judgment dated in September, 1892, was levied on a house and lot in Wrightsville, to which a claim was interposed by a daughter of Linder, the defendant in execution. It appears that he conveyed the property to his wife by deed dated December 3, 1891, and recorded in the same month; that he and his wife conveyed to Mrs. E. H. Price by deed dated April 4, 1892, and recorded in the same month; and that Mrs. Price con-