7427. MAY *v.* SUBERS, executrix.

WADE, C. J. 1. "When an admission is given in evidence, it is the right of the other party to have the whole admission and all the conversation connected therewith." Civil Code of 1910, § 5783. Nevertheless, in a suit by an executrix to recover certain personal property from another, there was no error in excluding a self-serving declaration made by the surviving party to a contract under which the possession of the property

in dispute was held by him, which attempted to set up an additional claim or demand against the deceased party to the contract, as a basis for his adverse possession. The defendant's admission of possession related to an independent substantive fact, was not made to the deceased person, and had no reference to any "transactions or communications" with him, whereas the additional statements made at the same time set up an alleged agreement directly between the survivor and the deceased.

(a) Besides, it appears from the record that the defendant admitted in his plea that he held the property in possession, and there could be no harmful error in allowing evidence as to another admission to that effect, though the remainder of the conversation connected with the admission was excluded.

(b) It likewise appears from the approved brief of evidence that the witness Custer. did in fact testify that at the time the defendant admitted to him that he was in possession of the property in dispute, the defendant asserted the existence of the additional demand against the estate of the deceased which he afterwards set out in his plea.

2 There was no error in excluding a certain check payable to "J. I. S.," together with the testimony of the drawer to the effect that the "J. I. S." written thereon was intended for J. I. Subers, the deceased party to the contract that the defendant sought to establish. Nor was there any error in excluding the testimony of the surviving party that the estate of J. I. Subers was indebted to the witness in the sum alleged by him in his plea. Unless connected by the parol evidence of the surviving party to the contract with the deceased, the check was irrelevant, and, under the provisions of the Civil Code of 1910, § 5858 (1), his testimony was inadmissible to identify the check as an evidence of indebtedness against the deceased, secured by the property in dispute, or to set up any demand against his estate, based upon transactions or communications with the deceased.

3. Under the legal testimony in this case there was no error in directing a verdict for the plaintiff; nor did the court thereafter err in overruling the motion for a new trial.

　　　　　*Judgment affirmed.　George and Luke, JJ., concur.*
　　　　　Decided February 16, 1917.

Trover; from city court of Bainbridge—Judge Spooner. April 3, 1916.

*Hartsfield & Conger,* for plaintiff in error. *W. V. Custer,* contra.