21764. CITY OF ATLANTA *v.* ATLANTA TITLE AND TRUST COMPANY.

DECIDED MAY 11, 1932.

*J. L. Mayson, C. S. Winn, J. C. Savage,* for plaintiff in error.

*Little, Powell, Reid & Goldstein, Harold Hirsch, Marion Smith, Sims & Berman, D. F. McClatchey Jr.,* contra.

BELL, J. Atlanta Title & Trust Company sued the City of Atlanta for alleged damage to certain real estate resulting from a change in the grade of the street on which the property was situated. The jury found a verdict in favor of the plaintiff for the sum of $15,000, and the defendant excepted to the overruling of its motion for a new trial. In one of the grounds of the motion the defendant assigned error upon the admission in evidence of a document purporting to be an appraisal by the Atlanta real-estate board, estimating the value of the property both before and after the improvement, and stating the plaintiff's damage as $18,550. The document also contained a statement of the reasons of the "committee" for the conclusions therein expressed. The defendant objected to its introduction in evidence, upon the ground that the persons who made the appraisal were not sworn, or, in other words, that the document was hearsay.

It is very plain to us that the court erred in admitting this evidence. *Parrott* v. *Johnson,* 61 *Ga.* 475; *Supreme Council of The Royal Arcanum* v. *Quarles,* 23 *Ga. App.* 104 (97 S. E. 557); *Cook* v. *Clarke Chevrolet Co.,* 41 *Ga. App.* 389 (5) (153 S. E. 88). The appraisal amounted only to a hearsay statement of some committee of the real-estate board, deriving its value not from the credit of any witness, but from the veracity and competency of the members of this committee. The general rule is against the introduction of hearsay evidence, and it is admitted only in specified cases from necessity. Civil Code (1910), § 5762. There was a sharp issue in the evidence, both as to the fact and as to the amount of the damage, and it is quite probable that the verdict was induced in part by a consideration of this document. The evidence appears to have been prejudicial, and the error in admitting it requires a new trial. *Foster* v. *Atlanta Rapid Transit Co.,* 119 *Ga.* 675 (46 S. E. 840); *Waxelbaum* v. *Berry,* 99 *Ga.* 280 (25 S. E. 775).

Counsel for the defendant in error, plaintiff in the court below, have sought to justify the court's ruling only by the principle that where either party introduces a part of a document or record, the other party may read so much of the remainder as is relevant. Civil Code (1910), § 5830. It is insisted that the paper was properly admitted, because of the following facts: A witness for the plaintiff testified that in his opinion the change in the grade of the street resulted in a reduction in the value of the property from $1500 to $1250 per front foot. According to the appraisal by the real-estate board, the value of the property before the change was fixed at $1500 per front foot, and the value afterwards at $1275 per front foot. The defendant's counsel presented the witness with this paper and in the presence of the jury cross-examined him about it. He was asked the question if he was a member of the appraisal committee of the real-estate board, to which question he replied in the negative. He was then asked if he had seen the paper before, and if "those figures" (the valuations of the real-estate board) were identical with the testimony that he, the witness, had just given "except as to dimensions." The witness answered, "No, I vary with them on the front-foot value. They figured it at $1275. I put my figure down before I came over here,—at the office. I had not seen that at all." Apparently the defendant's counsel was seeking to discredit the witness by showing that his testimony was influenced by some action of the real-estate board, or else that he was a member of the appraisal committee, and as such had given a previous statement as to the amount of the damage at variance with his testimony. The defendant, however, did not introduce any portion of the written document known as the appraisal by the real-estate board, and only submitted the same to the witness during the cross-examination. There was no intimation whatever as to its contents except the statement of the witness, "they figured it at $1275."

We can not agree with counsel for the plaintiff that the circumstances were such as to render the appraisal of the real-estate board admissible in evidence under the principle that where either party introduces a document, record, or similar evidence, the opposite party may read as evidence, without further introduction of it, so much of the remainder as is relevant. Cf. *Crawford* v. *Roney*, 126 *Ga.* 763 (4) (55 S. E. 499). The defendant's counsel did not introduce the document or any part of it in evidence, and the cross-

examination of the plaintiff's witness was not the equivalent of such introduction. It would be a misconception of the principle invoked to allow the several valuations as stated by the real-estate board, together with their arguments and reasons therefor, to be introduced in evidence by the plaintiff merely because the plaintiff's witness had stated a single valuation from this paper, when the entire document was otherwise absolutely inadmissible, as hearsay. *Brown* v. *State,* 119 *Ga.* 572 (5) (46 S. E. 833). The fact that the paper may have been drawn from the possession of counsel for the defendant would dispense only with the necessity of proving execution, and would not render it admissible in evidence over the objection that it was hearsay and without probative value. *Fraternal Relief Association* v. *Edwards,* 9 *Ga. App.* 43 (9) (70 S. E. 265).

The record in this case is quite voluminous, and the motion for a new trial contained many other grounds, complaining chiefly of alleged errors in the admission and rejection of evidence. It would prolong this opinion to unreasonable proportions to deal separately with each of these grounds. Upon mature deliberation, it is our opinion that none of them discloses material error,—with the exception of the one ground which we have discussed above. It is apparent from the record that much time was consumed in the trial of the case, and from that standpoint it is to be regretted that the judgment must be reversed and a new trial ordered. The verdict, however, can not be approved as a fair and legal termination of the case, in view of the important and apparently persuasive evidence which the court erroneously admitted in behalf of the plaintiff. The ends of justice demand another trial, and the court erred in not granting the defendant's motion therefor.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*