Rabun *et al. v.* Wynn, *administratrix.*

Candler, Justice. Sarah Rabun Wynn, as administratrix of the estate of J. Carl Rabun, deceased, brought an equitable proceeding in the Superior Court of Carroll County against Maude, Mae, and Belle Rabun, alleging that they were wrongfully holding possession of, claiming, and converting to their own use a stock of merchandise known as "Rabun's 5 & 10 Cent Store," which belonged to the estate of her intestate. The petition prayed for process, injunctive relief, a receiver, an accounting, possession of the subject property, and general relief. General and special demurrers were interposed to the petition as amended. All of the demurrers were overruled and pendente lite exceptions were timely preserved, upon which error has been assigned. The defendants, by their joint answer, denied the material allegations of the petition, and averred that they purchased the property sued for on February 26, 1936, from the plaintiff's intestate, paying him a part of the purchase price of $7500 at that time and subsequently paying him the balance due therefor, the last payment being made on September 1, 1949. On the trial a verdict for $6481.25 was returned in favor of the plaintiff, and pursuant thereto a judgment was entered. The defendants, in due time, moved for a new trial on the usual general grounds, amended the motion later by adding several special grounds, and excepted to a judgment overruling it as amended. *Held:*

1. The exception taken to the ruling upon the defendants' demurrers to

the amended petition has not been argued in the brief for the plaintiffs in error or otherwise insisted upon in this court, and will for that reason be considered and treated as abandoned. *Powell* v. *Powell*, 196 *Ga.* 694 (27 S. E. 2d, 393); *Knowles* v. *White*, 199 *Ga.* 772 (35 S. E. 2d, 451); *Reed* v. *Reed*, 202 *Ga.* 508 (43 S. E. 2d, 539); *Head* v. *Lee*, 203 *Ga.* 191 (45 S. E. 2d, 666).

2. Over an objection by counsel for the defendants that they are self-serving declarations and therefore inadmissible, the court allowed in evidence two financial statements which the plaintiff's intestate purportedly made to Dun & Bradstreet on January 1, 1947, and January 1, 1948, showing himself to be the owner on those dates of the property in question. On admitting them the court stated to the jury that they were admitted in evidence only for the purpose of showing title to the property involved, if in fact they do. The admission of these statements was erroneous. They are wholly self-serving and it is well settled in this State that declarations of persons since deceased, which are not a part of the res gestae, will not be admitted in evidence, if the declarations are wholly in favor of the declarant. *Drawdy* v. *Hesters*, 130 *Ga.* 161 (2) (60 S. E. 451, 15 L. R. A. (N.S.) 190); *Higgins* v. *Trentham*, 186 *Ga.* 264 (1) (197 S. E. 862). Such declarations are hearsay, and, being such, have no probative value, even when admitted in evidence without objection. *Eastlick* v. *Southern Ry. Co.*, 116 *Ga.* 48 (42 S. E. 499); *Berry* v. *Brunson*, 166 *Ga.* 523 (143 S. E. 761).

3. Over an objection that this is not a tax case and they are irrelevant, immaterial, illustrate no issue involved in the case, and are not properly identified, the court allowed in evidence duplicate copies of certain Federal income-tax returns filed by the defendants Maude and Belle Rabun for several tax years subsequent to February 26, 1936, and prior to the date upon which J. Carl Rabun died. In admitting them the court stated to the jury that they were being allowed in evidence for the sole purpose of showing the relation between the returning tax-payers and J. Carl Rabun, if in fact they do. The admission of these documents was not erroneous for any reason assigned. Admittedly, they were made and filed by the defendants as income taxpayers. They show each to be a "saleslady" for her employer J. Carl Rabun, receiving annual wages from him of $720. And the evidence shows, without any dispute, that each devotes her full time to the operation of Rabun's 5 & 10 Cent Store. The returns, being unquestionably declarations by them in disparagement of their own title to the property sued for, were admissible in evidence over the objection made and urged. Code, § 38-308.

4. "Self-serving declarations are not admissible unless made in the presence of the opposite party, or as part of the res gestae, and for the reason that a party can not thus make evidence in his own favor." *Dozier* v. *McWhorter*, 117 *Ga.* 786, 790 (45 S. E. 61). Also *Daniel* v. *Hannah*, 106 *Ga.* 91 (31 S. E. 734). In this case and over an objection that they are self-serving declarations, as interposed by counsel for the defendants, the court allowed in evidence duplicate copies of the State and Federal income-tax returns made and filed by the plaintiff's intestate J. Carl Rabun as an individual for the several years immediately preceding his death on September 27, 1949, and subsequent to February 26, 1936,

showing himself to be the owner of the property here involved and recipient of its profits. In the circumstances of the case, the admission of these documents was not erroneous for the reason urged. As they relate to the property in question, the evidence shows that the defendants knew that they were being so made annually; that they were being made from data compiled by and furnished to the returning taxpayer by the defendants Maude and Belle Rabun; and that the defendant Maude Rabun assisted the taxpayer in their preparation. Consequently, there is no merit in this special ground of the motion for new trial.

5. "The right of cross-examination, thorough and sifting," which "belongs to every party as to the witnesses called against him," should not be abridged, especially where the witness, as here, is the opposite party to the cause on trial and has testified for the purpose of making out his own case. Code, § 38-1705; *Becker* v. *Donalson*, 133 *Ga.* 864 (4) (67 S. E. 92). In this case, as the record shows, Mrs. Wynn, the plaintiff, while being cross-examined, was asked if the defendants, as tenants, had not since the death of her husband regularly paid monthly rent to her as administratrix of his estate for use of the building, owned by her intestate's estate, in which the merchandise in question was kept for sale. This question was objected to by counsel for the plaintiff, but the record does not disclose the ground upon which it was made. The objection, however, was sustained. This was harmful error. The question was relevant, it sought to elicit material information in support of the defendants' claim of title to the property sued for, and its exclusion by the court tended to abridge, if not to destroy, the right of cross-examination. Consequently, this special ground of the motion for new trial is meritorious and will require a reversal of the judgment complained of.

6. While it is the better and safer practice for the court to defer action on the admission or rejection of evidence until a proper objection is made by the party interested in having it excluded, nevertheless, the trial judge is not bound to hear and determine the cause on improper evidence but, in the exercise of his right to control and regulate the conduct of the trial, may of his own motion exclude or strike out evidence which is incompetent or inadmissible for any reason, even though no objection is interposed to such evidence. *Salter* v. *Williams*, 10 *Ga.* 186; 64 C.J. 231, § 245. In this case it is alleged in one of the special grounds of the motion for new trial that the court erroneously excluded from evidence a check for $500, dated February 26, 1936, drawn on the Bank of Villa Rica, signed by the defendant Maude Rabun, and payable to and endorsed personally by J. Carl Rabun, the plaintiff's intestate. So far as the record shows, the check, when offered in evidence by the defendats, was not objected to by counsel for the plaintiff, but was excluded by the court on its own motion, the reason for which is not disclosed by the record. This was clearly harmful error. The check, allegedly given in part payment of the purchase price for the property in controversy and on the day it was allegedly purchased by the defendants from the plaintiff's intestate, was relevant and material evidence. It was offered by the defendants as proof of their allegation of purchase and payment of and for the property

sought to be recovered; and its rejection by the court is reversible error.

7. Over an objection that it was hearsay and therefore inadmissible, W. C. Knight, a witness for the plaintiff, was on direct examination permitted to testify: "I heard him [J. Carl Rabun] say many, many times he had a store at Villa Rica, he had somebody else to run it, he didn't want to fool with it, he said he had a 5 & 10 cent store." The allowance of this evidence, even if erroneous as contended, does not in the circumstances of this case require a reversal of the judgment complained of, because counsel for the defendants, on cross-examination of the witness and with full knowledge of the character of the evidence to be expected, elicited substantially the same testimony. Accordingly, there is no merit in this ground of the motion. See *Wheeler* v. *State,* 179 *Ga.* 287 (175 S. E. 540); *Fluker* v. *State,* 184 *Ga.* 809 (193 S. E. 749), and citations.

8. As the case is being remanded for a new trial, no ruling is made upon those grounds of the motion relating to the sufficiency of the evidence.

*Judgment reversed. All the Justices concur.*

No. 17841. ARGUED APRIL 15, 1952—DECIDED MAY 13, 1952.

*Robert D. Tisinger* and *William J. Wiggins,* for plaintiffs in error.

*Shirley C. Boykin, Boykin & Boykin* and *O. W. Roberts Jr.,* contra.