### 19113. FRADY *v.* THE STATE.

CANDLER, Justice. Junior Frady and James Whitt were jointly indicted in Cherokee County for the offense of rape. They were separately tried. Frady, after pleading to the merits, made an oral motion to quash the indictment on the ground that it was vague and indefinite. The motion to quash was denied, and complaint is made of this ruling in one of the special grounds of the motion for new trial. The jury convicted him of the offense charged, recommended mercy, and fixed his punishment at

from one to one year in the penitentiary. His amended motion for a new trial was denied, and he excepted to that judgment. *Held:*

1. Where the accused desires to take exception to the form of an indictment, it is necessary that he do so by demurrer or motion to quash, made in writing and before pleading to the merits. Code §§ 27-1501, 27-1601; *Gilmore* v. *State,* 118 *Ga.* 299 (4) (45 S. E. 226). And an exception to the denial of a motion to quash the indictment cannot be properly made a ground of a motion for new trial as here undertaken. *Boswell* v. *State,* 114 *Ga.* 40 (39 S. E. 897); *Foss* v. *State,* 15 *Ga. App.* 478 (83 S. E. 880), and cases decided by this court as there cited.

2. During cross-examination of the complaining witness, she was asked by defense counsel: Q. "You never have been out with Junior Frady and Ed Streetman and Buck Streetman?" To this question, counsel for the State interposed an objection. The Court: "Are you asking her about some other boys besides this defendant?" Counsel for the defendant: "I am asking her if she knew these boys and if she had.ever been out with them." The Court: "I sustain the objection." The exception to this ruling is well taken. The right of cross-examination, thorough and sifting belongs to every party as to the witnesses called against him. Code § 38-1705. It is a substantial right, the preservation of which is essential to a proper administration of justice, and extends to all matters within the knowledge of the witness, the disclosure of which is material to the controversy; and being a substantial right, it should never be abridged or denied by the court. *News Publishing Co.* v. *Butler,* 95 *Ga.* 559 (22 S. E. 282); *Becker* v. *Donalson,* 133 *Ga.* 864 (4) (65 S. E. 92); *Rabun* v. *Wynn,* 209 *Ga.* 80 (5) (70 S. E. 2d 745). In prosecutions for rape the defense may introduce evidence tending to prove the previous unchaste character of the female; and this evidence is admissible for two purposes: one to discredit her as a witness, and the other to disprove the charge that the intercourse was forcible and against her consent. *Seals* v. *State,* 114 *Ga.* 518 (40 S. E. 731, 88 Am. St. R. 33). And when, as in this case, the alleged victim of the rape is sworn as a witness for the State, justice and the defendant's constitutional right to a fair trial require that his counsel be permitted to cross-examine her thoroughly as to any prior act of lewdness with the accused and with other men. For the offense of rape death may be inflicted on the defendant as the punishment, and there is no logical reason why the alleged victim while testifying as a witness for the State, should not be required to disclose all facts known to her which are relevant and material to the case. Due to the fact, as Lord Hale puts it, "that this accusation is easily made, hard to prove, and harder to be defended by the party accused, notwithstanding his innocence," the defendant ought not to be deprived of his right to a thorough and sifting cross-examination of any person called to the witness stand against him; and as to a party's right to cross-examine all witnesses called against him, Code § 38-1705 makes no exception as to the complaining witnesses in rape cases. We have not overlooked the majority rulings in *Andrews* v. *State,* 196 *Ga.* 84 (26 S. E. 2d 263), and *Teague* v. *State,* 208 *Ga.* 459 (67 S. E. 2d 467), but we have carefully examined and considered them, and after doing so, have reached the conclusion that they do not announce a sound rule concerning the question we are here dealing with. Hence, we will respect-

fully decline to follow them in this case. The opinion in the *Andrews* case, supra, was prepared for the majority of the Justices by our present Chief Justice. However, he did not agree to the ruling that the complaining witness in a rape case could not be cross-examined by the defendant's counsel as to any specific act of lewdness committed by her with a person other than the accused, and he filed a dissent, in which he reviewed and discussed the several authorities on which the majority based their ruling. We have likewise examined the same authorities, and do not think they are controlling here or are authority for the majority ruling there. In *Teague's* case, supra, it was said: "To permit evidence of specific acts, would also open the gates of circumstantial evidence as to every act and statement of the female in her past life. Any indiscreet conduct or misconstrued statement could be implied as an admission of, or as being agreeable to, sexual relations. At times even her silence could be given a sexual significance." As to the force of these words, we are not unmindful; but on the other hand, and at the same time there is one sitting at the defense table who is fighting for his own life and always, but naturally so, at a tremendous disadvantage. To discover the truth is the object and purpose of all legal investigations, and this result can be attained by a jury only after hearing all relevant and material evidence respecting the controversy under investigation. No party to litigation is ever unfairly treated by a full disclosure of all relevant facts concerning the issue, and the rules of evidence have been framed to the prominent end that justice shall always prevail among litigants. On this ground of the motion we are constrained to order a new trial.

3. That portion of the charge given in the instant case under the provisions of the indeterminate-sentence law is not subject to the criticism that it "was confusing as to the penalty in felony cases, and tended to leave the mind of juror not versed in the law as to the penalty that they should fix in the case." To the contrary, it was a correct, though necessarily lengthy, instruction to the jury concerning the form of their verdict and the punishment to be fixed by them in the event they convicted the defendant of the offense charged.

4. Since the evidence was amply sufficient to support the verdict, it necessarily follows that there is no merit in the general grounds of the motion for new trial.

*Judgment reversed. All the Justices concur, except Mobley, J., who dissents.*

SUBMITTED SEPTEMBER 15, 1955—DECIDED NOVEMBER 15, 1955.

*J. Ray Merritt,* for plaintiff in error.

*H. G. Vandiviere, Solicitor-General, H. L. Buffington, Jr., Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.