38048.   SOUTHERN RAILWAY COMPANY *v.* GARNER.

Decided January 29, 1960—Rehearing denied March 29, 1960.

*Bloch, Hall, Groover & Hawkins, Denmark Groover, Jr.,* for plaintiff in error.

*B. P. Gambrell, D. B. Howe, Martin, Snow, Grant & Napier, Cubbedge Snow,* contra.

Nichols, Judge.  1. Special grounds numbered 4 through 8 of the defendant's amended motion for new trial, the only special grounds of such motion, complain of the exclusion of certain evidence.  Each question deals with the purported retirement of the plaintiff after the incident wherein the plaintiff was al-

legedly injured. Each question, according to the defendant, sought to show that the plaintiff was not permanently disabled as he contended but that he had voluntarily retired although he was able to work.

"Where material evidence is excluded, it is not reversible error if substantially the same testimony is given by other witnesses and admitted in evidence. *Elders* v. *Griner,* 40 *Ga. App.* 649 (2) (150 S. E. 857); *Camp* v. *State,* 41 *Ga. App.* 459 (153 S. E. 382)." *Head* v. *Georgia Power Co.,* 70 *Ga. App.* 32, 37 (27 S. E. 2d 339). See also, *May* v. *Subers,* 19 *Ga. App.* 306 (1b) (91 S. E. 435), and *Willis* v. *Midland Finance Co.,* 97 *Ga. App.* 443, 444 (103 S. E. 2d 185).

After the court excluded the evidence referred to above, sought to be introduced by the defendant, the defendant's claim agent testified that the plaintiff had informed him that he did not want to go back to work until this issue was settled. The fact that the plaintiff had so informed the defendant's agent was uncontradicted, as was other evidence adduced on the trial of the case that the plaintiff had, after having been declared physically fit for work by the physicians who treated him for the injuries sustained, voluntarily removed himself from the list of those available for work on the defendant railroad. Accordingly, in view of this testimony, whether the evidence excluded was properly excluded or not, no reversible error is shown in the special grounds of the motion for new trial.

2. In support of the usual general grounds of the motion for new trial the defendant contends that the verdict was not supported by the evidence because there was a fatal variance between the allegations and the proof of the alleged acts of negligence. It is contended that since all the testimony, other than the plaintiff's, was to the effect that the plaintiff, a fireman on one of the defendant's trains, was struck almost as soon as he reached the ground rather than after he had been on the ground for a period of time, all the allegations of negligence, which deal with the failure of the crew of the "switch engine," which admittedly struck the plaintiff, to stop or give the plaintiff warning that it was moving toward him, were unsupported by the evidence. The evidence relied on by the defendant showed that the crew of the "switch engine" did not have time to stop or to

give the plaintiff any warning and that the plaintiff climbed out of the engine on the train on which he was working directly into the path of the approaching "switch engine," and if this evidence had been believed by the jury a verdict for the defendant would have been authorized. However, the jury was not bound to believe such testimony and could, as it apparently did, believe the plaintiff's version of the events that transpired up until he was struck by the "switch engine" since as stated by the defendant in its brief filed in this court: "The plaintiff testified to his activities substantially as alleged." Taking the plaintiff's view of his activities, which the jury was authorized to do, it cannot be said that there was no valid evidence to support the verdict. "This court does not pass upon the credibility of witnesses, nor the weight to be given evidence on disputed facts. These are questions for the jury. Whether their verdict is contrary to the evidence, or contrary to its weight, or decidedly and strongly against its weight, is a question the law vests in the trial judge's discretion. He may grant a new trial on these grounds, but this court has no such power. Where the trial judge approves the verdict, the sole question for determination by this court is whether there is any evidence sufficient to authorize it." *Adler* v. *Adler*, 207 *Ga.* 394, 405 (61 S. E. 2d 824).

No harmful error being shown by the defendant's motion for new trial the judgment denying it must be affirmed.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*