40492. AMERICAN FAMILY LIFE INSURANCE
COMPANY v. GLENN, Administratrix.

DECIDED JANUARY 31, 1964.

*Cecil D. Franklin,* for plaintiff in error.

*Marson G. Dunaway, Jr.,* contra.

EBERHARDT, Judge. The general grounds are not dealt with in the brief of plaintiff in error and are abandoned.

■ In special ground 4 error is assigned upon the exclusion of evidence tending to show that the insured had falsely answered the question in the application as to whether he had ever been *treated* by a physician or had been *advised* by one that he had rupture. While defendant's evidence did disclose that the insured had worn a truss for several years prior to the date of the application and that his fellow employees had seen him wearing it, had seen his rupture and that the insured had told them that he had a rupture, there was no evidence whatever that any physician had ever treated him for it or advised him that he was ruptured. Thus the answer to the question was technically not false, and since the insurance company

devised its own application blank and controlled the form of the question we think that the rule requiring that insurance contracts be construed against the insurer who writes its own contract renders the exclusion of the evidence proper. See in this connection *Life Ins. Co. of Ga. v. Blanton,* ante.

■ In special ground 5 error is assigned upon the allowing of plaintiff's counsel, over proper objection, to testify, relative to the matter of what a reasonable attorney's fee for his services would be, that he had made application to the court of ordinary for the appointment of plaintiff as administratrix of her husband's estate and procured her appointment, and that it had been necessary to accomplish that before this suit could be filed. While we agree that fees for his services in procuring the appointment of the administratrix would not be "fees for the prosecution of the case against the insurer" as contemplated in *Code Ann.* § 56-1206 and that the evidence objected to was for that reason inadmissible, yet it appears that the same or substantially the same evidence was later admitted without objection when other attorneys were testifying as to this matter, and that in one instance it was brought out in response to a hypothetical question from defendant's counsel in which the procurement of the appointment of the administratrix was recited as a part of the service. Consequently the overruling of the objection to this evidence was harmless. *Southern R. Co. v. Garner,* 101 Ga. App. 371, 372 (1) (114 SE2d 211) and citations.

■ In special ground 6 error is assigned upon that portion of the charge instructing the jury with reference to the matter of bad faith from which they might include in the verdict a penalty and attorney's fees, upon the ground that there was no evidence of bad faith authorizing the charge or the submission of that issue to the jury.

It appears that (a) the policy provides that the company insures against hospital and surgical expenses caused by "sickness due to disease originating during the term of this policy," that (b) the claim which plaintiff submitted for expenses alleged to have been incurred by the insured for those items was denied by letter dated July 20, 1961 "specifically due to the fact the

condition which caused hospitalization pre-existed the date of your policy," (c) that one of the defenses relied upon by the defendant in its answer was that the insured's illness that brought about his hospitalization and the incurring of the hospital and surgical expenses "preceded the date of the issuance of the insurance contract and for this reason the company denies liability under the terms of the contract," and (d) that the insured's doctor testified that it was his opinion that the malady from which the insured suffered and for which he was hospitalized had its onset or beginning from three to twelve months prior to that time. The policy was issued December 15, 1960 and the insured was hospitalized from June 6 through June 28, 1961. Thus the jury was authorized to find that the insured had suffered from the illness since a time prior to the issuance of the policy, and if they should, there would be no coverage afforded.

These facts and circumstances show a lack of any bad faith on the part of the insurer in defending the action and we should not hesitate to hold that the charge on that subject was unauthorized but for the testimony of the insurer's claim manager relative to the letter denying the claim that "what my department said in that paragraph was not the specific reason the claim was rejected and refused on July 20, 1961, the date of that letter." Since the only reason assigned in the letter for denying the claim was that the illness had "pre-existed the date of the policy" we think that this testimony left the jury in the position of being able to find that the denial had been for some undisclosed reason or for no reason at all, and thus a question of fact as to whether there was bad faith in denying the claim was presented. The charge was authorized.

■ Finally, in special ground 7 error is assigned upon the failure of the court to charge, without request, that if the jury should find that the insured's sickness which brought about his hospitalization had its inception or origin before the policy date, then plaintiff would not be entitled to recover and the verdict should be for defendant since the insurance contract provides for coverage for sickness due to disease originating during the term of the policy.

This assignment we find to be meritorious. As we have indicated above, the policy did not provide coverage if the illness had its origin or inception prior to the date of the policy, and since the defendant specifically pleaded that the insured's illness causing the incurring of the hospital and surgical expenses sought to be recovered had existed since before the issuance of the policy and the evidence would have authorized the jury to so find, it was a substantial and material issue in the case on which the court was required to charge without request. "[I]t is the duty of the court, with or without request, to charge the jury the law applicable to the substantial issues involved; and in the absence of such instruction the verdict will be set aside." *Pusser v. Thompson,* 147 Ga. 60 (1) (92 SE 866). A contention of the defendant, relied upon as a defense, if supported by the evidence must be charged together with the law applicable thereto. A careful examination of the charge given does not disclose that this issue was covered. For this reason the judgment overruling the motion for new trial must be

*Reversed. Bell, P. J., and Jordan, J., concur.*