### 43100. AKOP v. BRANSON.

PANNELL, Judge. 1. Where on the trial of an action seeking recovery for pain and suffering because of injuries received in an automobile collision the plaintiff's husband on direct examination testified over objection as to his observations of plaintiff and that when she moved her arm he could "see the pain in her face" and if someone "bumped into her, you could tell it hurt her" (see *Macon R. &c. Co. v. Mason,* 123 Ga. 773 (8) (51 SE 569); *Morgan v. Mull,* 101 Ga. App. 36 (4) (112 SE2d 661); *Stewart v. Wilson,* 92 Ga. App. 514 (88 SE2d 752); *Bagwell & Stewart, Inc. v. Bennett,* 214 Ga. 780 (107 SE2d 824); *Metropolitan Life Ins. Co. v. Saul,* 189 Ga. 1 (5 SE2d 214); *Bowie & Co. v. Maddox & Goldsmith,* 29 Ga. 285 (1); *Brewer v. Henson,* 96 Ga. App. 501 (100 SE2d 661)), and subsequently this same witness on cross examination testifies without objection that plaintiff is irritable "when her arm hurts" and "when her arm hurts" it affects her temperament, and "it pains when she works and if she works a lot, her arm gets to bothering her, especially if she is doing something she has to use both arms. As long as she can use one arm, use the right arm and do it, it doesn't bother her. If she has to use her left arm to do something, it bothers her," the admission of the evidence on direct examination over objection, if error, is harmless and does not require a reversal. *General Tire &c. Co. v. Brown Tire Co., Inc.,* 46 Ga. App. 548 (3c) (168 SE 75); *Lee v. Holman,* 184 Ga. 694, 697 (5) (193 SE 68); *Moore v. State,* 193 Ga. 877 (2) (20 SE2d 403); *Southeastern Greyhound Lines v. Hancock,* 71 Ga. App. 471 (2) (31 SE2d 59).

2. " 'According to the practice in this State, the failure of the plaintiff to support some of the allegations in his declaration by evidence, is no reason why the allegations should be stricken out on motion of counsel for the defendant.' *Georgia Hydratane Gas, Inc. v. White,* 110 Ga. App. 826 (3) (140 SE2d 129); *Andrews v. Andrews,* 85 Ga. 276, 282 (1) (11 SE 771); *Richmond &c. R. Co. v. Worley,* 92 Ga. 84, 87 (1) (18 SE 361). Defendant's exceptions to the denial of its motion to strike certain allegations in plaintiff's petition which defendant contended were not supported in the evidence are without merit." *U. S. Fidelity &c. Co. v. Luttrell,* 113 Ga. App. 176, 178 (4) (147 SE2d 647).

3. The collision occurred when plaintiff was making a left turn after giving a signal and was struck by defendant who was attempting to pass on her left. Plaintiff had testified that she did not see the defendant's car in her rearview mirror, and did not look in her left sideview mirror. The defendant submitted no evidence. Complaint is made because the court refused to give the following charge requested orally at the time for objecting to the charge of the court: "If you find from the evidence, by the exercise of ordinary care, plaintiff could have discovered the peril which existed, namely the oncoming defendant's vehicle, and did not exercise such care, and proceeded to turn the vehicle into the path of the defendant's vehicle, then I charge you she failed to avoid the consequences of the peril and you should find a verdict in favor of the defendant."

Assuming, without deciding, that this was a correct charge and applicable to the pleadings and evidence in the case, it appears that the trial judge charged the jury as follows: "The plaintiff in this case would not be entitled to recover if she, the plaintiff, could have, in and by the exercise of ordinary care and diligence, avoided the consequences of defendant's negligence and the resulting injury and damage to the plaintiff occasioned thereby, if she could have, in the exercise of ordinary diligence, avoided the results of the defendant's negligence after that negligence was discovered by her or could have been discovered by her, in the exercise of ordinary care and diligence. . . Gentlemen of the jury, I charge you, if you find that the plaintiff, by the exercise of ordinary care, could have avoided the collision and injuries which she allegedly sustained, even though you find that the defendant was

negligent, then, you must return a verdict in favor of the defendant." Under these circumstances, the refusal to give the orally requested charge, if error, was not sufficiently harmful to require the grant of a new trial.

4. The evidence was sufficient to authorize the verdict found in the amount of $4,000 for past and future pain and suffering and was not so excessive as to indicate bias or prejudice on the part of the jury.

*Judgment affirmed. Bell, P. J., and Whitman, J., concur.*

ARGUED OCTOBER 4, 1967—DECIDED DECEMBER 5, 1967.

*Conyers, Fendig, Dickey & Harris, J. Thomas Whelchel,* for appellant.

