## 44370. GEORGIA POWER COMPANY v. CANNON et al.

WHITMAN, Judge. In this condemnation case a 100-foot wide right of way easement was condemned for the erection and maintenance of an electric power line. The easement traversed a 27-acre tract of pine land and encompassed about 3 acres within its boundaries.

The condemnor, being dissatisfied with the award made by the assessors, appealed to the superior court. A jury trial was had and a judgment entered up on their verdict. The condemnor has appealed from the denial of its motion for a new trial, enumerating the same as error. The motion for new trial was based on several evidentiary rulings and such rulings are also included in the enumeration of errors. *Held:*

1. There are several enumerations of error but they all raise but one issue, to wit, whether it was error to allow testimony by the condemnees' witnesses, with regard to *consequential damages*, that the *entire* 27-acre tract had been diminished in value by a certain amount.

"Where the power of eminent domain is exercised for the purpose of acquiring an easement over land for public-utility lines, the measure of damages is the value of the land or interest therein appropriated, plus the consequential damages

to the remainder of the tract, to be ascertained by establishing the difference in value of such remainder immediately before and immediately after the taking." *Ga. Power Co. v. Pittman,* 92 Ga. App. 673 (1) (89 SE2d 577). See also, *Central Ga. Power Co. v. Mays,* 137 Ga. 120 (3) (72 SE 900). See generally, 29A CJS 601, Eminent Domain, § 143. The instructions to the jury in the case sub judice conformed to the above rule.

In cases where a parcel is condemned in fee simple from a larger tract and the question of consequential damages to the remainder becomes important, the term "remainder" poses no particular problem with regard to the land to which it refers. But the term "remainder" is apt to be misleading or confusing in cases where anything less than a fee is condemned. For when such is the case there is always some residual property interest left in the owner in the area which has been subjected to condemnation. Such residual interests could forcefully be argued to constitute a remainder under strict real property concepts. So where as a result of condemnation a tract of land is burdened by an easement strip running through it, the question arises as to whether the residual interests which the owner retains within the easement area are a part of the "remainder" as that term is employed in calculating consequential damages.

The answer to the above question lies in the manner in which the owner is compensated for that area which lies within the boundaries of the easement strip. None of the realty per se is taken, but the land within the boundaries of the easement strip may thereafter be less useful. The extent to which this area is less useful or less valuable is the extent to which the ownership is damaged. In a strict analysis, it will be seen that what is suffered is consequential damage. Thus when the owner is awarded the difference in the value of the strip, measured by its value immediately before and immediately after the easement is imposed, as the jury was instructed to do in this case, the owner is made whole with regard to the area within the boundaries of the easement. "[C]ompensation due for the property which is embraced within the easement is the difference between the market value before and after the condemnation, not of the whole tract, but only that portion within the right of way." *Ga. Power Co. v. Pharr,* 97 Ga. App. 223, 225 (102 SE2d 658), disapproved on other

grounds in *Elliott v. Fulton County*, 220 Ga. 377, 381 (139 SE2d 312).

In summary, where an easement strip is condemned through a tract of property, the "remainder," for the purpose of calculating any consequential damages thereto, refers to the remainder of the tract outside the boundaries of the easement. And to allow the residual ownership rights remaining in the burdened strip to again be included in the entire tract and be defined as the "remainder" for the purpose of calculating "consequential damages to the remainder" would be to allow a double recovery as to the easement strip.

2. Thus, where as in this case, witnesses testified that the 3 acres lying within the boundaries of the easement had been diminished in value in a certain amount and also testified, with regard to consequential damages to the remainder, that the *entire* 27-acre tract had been diminished in value in a certain amount, the latter testimony with regard to the entire tract was not probative with regard to the issue of consequential damages to the *remainder* and it was therefore error to overrule the condemnor's timely objections thereto and motions to strike same. And likewise, it was error to overrule the condemnor's motion for new trial, which was grounded upon these evidentiary rulings.

*Judgment reversed. Jordan, P. J., and Hall, J., concur.*

ARGUED APRIL 8, 1969—DECIDED NOVEMBER 25, 1969.

*D. E. Turk, Jay, Garden & Jay, Clayton Jay, Jr.*, for appellant.

*McDonald & Mills, Ben B. Mills, Jr., David E. Morgan, Jr.*, for appellees.