45018. GEORGIA POWER COMPANY v. SINCLAIR.

DEEN, Judge. 1. In any eminent domain case the evidence and the instructions to the jury should be such that the jury can figure separately the value of the land or interest therein which is taken and the consequential damages to the land not taken, and by balancing the latter of course against any consequential benefits and adding the two figures can return a lump-sum verdict which includes both items of depreciated value to the landowner. *Code* § 36-504. Where the fee in part of the tract is being taken it has been held that evidence which does not separate these two items of damage but which merely states opinion evidence as to the value of the whole tract before and after the taking is illegal testimony and cannot be considered by the appellate court in making a determination as to whether there is any evidence to support the verdict in the amount rendered. *State Hwy. Dept. v. Mann,* 110 Ga. App. 390 (138 SE2d 610); *State Hwy. Dept. v. Weldon,* 107 Ga. App. 98 (129 SE2d 396). The same method of determining total compensation applies where a lesser interest than a fee simple in part of the land is involved, and the court instructed the jury in this case, which concerns the taking of a strip easement 75 feet wide across a 130-acre farm for purposes of erecting a 230,000-volt high-tension power line, that they should determine two separate elements: first, the damage done to that part of the land involved in the 75-foot strip, and secondly the diminution in value, if any, suffered by the land of the condemnee adjoining the strip. The charge thus follows the guidelines laid out in *Ga. Power Co. v. Cannon,* 120 Ga. App. 721 (172 SE2d 142), where it was held that in condemning a right of way for a power line easement, consequential damage to the "remainder" means the remainder of the owner's land not involved in the easement and evidence should not be admitted which will confuse the jury into awarding double damages. In that case the witness first testified to the depreciated value of the land taken for the easement in order to show the market value of the "taking" and then testified to the depreciated value of the whole plot of land, including the land over which the proposed easement

would run, in arriving at a figure for consequential damages. These amounts added up to double damages. We find no such evidence in this case. The condemnor's witnesses testified to the depreciated value of the 75-foot strip and insisted that the remainder of the farm suffered no damage. Some of the condemnee's witnesses testified as to the value of the farm as a whole and that the value of the farm as a whole with these high-tension lines running over it would be about $20,000 less. These witnesses did not testify as to the value of the easement taken and add such value to the total depreciated value of the land as in *Cannon*. Further, there were special issues raised in this case which gave such testimony a certain timeliness: The condemnee had a tobacco allotment; he had used the land lying within the easement for this purpose since it was the best tobacco land on the farm and achieved a higher yield than the other land to which the allotment was moved; the question of whether or not it was even necessary to move the tobacco area was in issue because the tobacco needed irrigation and another litigated question was whether there was danger in overhead irrigation which might shoot a high pressure jet of water into high voltage uninsulated lines bearing electricity. The jury might have disregarded this evidence, in which case the value of the tobacco yield would not be diminished by replanting on less fertile ground, but this is a problem which a local jury is much better able to solve than an appellate court. "The holdings of some cases that the loss of prospective profits is to be considered in determining the value of the real estate is one thing. This means no more than that the potential uses of the property may be proved for that purpose." *Bowers v. Fulton County,* 221 Ga. 731, 739 (146 SE2d 884). The testimony as to the existence of the tobacco allotment was properly admitted as was the other testimony relating to the necessity or lack of necessity for moving it to another part of the farm and the consequent diminution in value depending on whether it was situated on land burdened or unburdened by the easement, and none of the testimony in this regard valued the same land twice in arriving at a damage figure. These enumerations of error are without merit.

2. An employee of the condemnor testified to the location of three-pole steel towers supported by guy wires which would bear the high-tension lines composed of three current-carrying wires and two overhead conductors as being approximately 85 feet tall and 1200 feet apart, the wires being up to one and three quarter inches in diameter, uninsulated and composed of aluminum wrapped around steel strands. The condemnee's house is located approximately 200 feet away and a barn is a bit closer. Appellant contends that evidence was erroneously allowed on cross examination of this witness which tended to show either that due to the negligence of the power company or some act of God the wires might be torn loose from these poles and endanger these structures, and that this is an illegal method of attempting to prove consequential damages because too remote and speculative. However, the only question to which an objection was interposed was the last of the following sequence: "Are you familiar with Douglas in Coffee County? Do you know when this tornado hit some two weeks ago in Douglas? Did you go there? Did you see the power line there made out of that structure?" This was a perfectly proper method of cross examining the witness to test his knowledge of the behavior of structures like that proposed under stressful conditions. "The right of cross examination, thorough and sifting, belongs to every party as to the witnesses called against him. *Code* § 38-1705. It is a substantial right, the preservation of which is essential to a proper administration of justice, and extends to all matters within the knowledge of the witness, the disclosure of which is material to the controversy; and being a substantial right it should never be abridged or denied by the court. *News Publishing Co. v. Butler,* 95 Ga. 559 (22 SE 282); *Becker v. Donalson,* 133 Ga. 864 (4) (65 SE 92); *Rabun v. Wynn,* 209 Ga. 80 (5) (70 SE2d 745)." *Grady v. State,* 212 Ga. 84 (2) (90 SE2d 664). Potential danger of an electric power line in close proximity to inhabited structures necessarily has a material connection with the market value of the adjacent land and is an item to be considered by the jury in assessing consequential damages. This testimony was properly admitted. The contention that the evidence demanded a verdict in favor of the condemnor, that no

consequential damages had been suffered, is entirely without merit. Indeed, it is doubtful whether a verdict could ever be directed on such an issue, since value depends almost entirely on opinion evidence, and opinion evidence will never sustain the grant of a summary judgment, a directed verdict, or judgment notwithstanding the verdict. *Ginn v. Morgan,* 225 Ga. 192 (167 SE2d 393); *Harrison v. Tuggle,* 225 Ga. 211 (167 SE2d 395).

*Judgment affirmed. Bell, C. J., Pannell and Quillian, JJ., concur. Evans, J., concurs specially. Whitman, J., concurs in the judgment. Jordan, P. J., Hall, P. J., and Eberhardt, J., dissent.*

ARGUED FEBRUARY 4, 1970—DECIDED JUNE 22, 1970— REHEARING DENIED JULY 29, 1970—

*Bennett, Pedrick & Bennett, E. Kontz Bennett, Griffin & Houston, Harvey Griffin,* for appellant.

*S. Dewey Hayes, W. P. Strickland, Jr.,* for appellee.

EVANS, Judge, concurring specially. I concur with what is said in the majority opinion, and, in addition, it should be pointed out as to Headnote 1 that counsel for the condemnor, after objecting to testimony which he contends had the effect of allowing double damage through addition of damages by taking the easement and damages to the entire remaining tract of land, went into this identical matter in his cross examination of the witness, James D. Hickox, as follows:

"Q. In other words, you figure this five acres in the easement is worth 18 to $20,000? A. Yes. Q. Then, was there any more damage that you figure besides the 18 to $20,000? Do you figure that's the whole damage? A. That would be the damage to the farm. Q. Including the price of the land? A. That would do it. Q. In other words, you don't make any difference between what should be paid for the easement and damage to the farm? You say the whole thing is $18,000? A. It damaged the farm that much. Q. Including the cost of the easement? A. That's correct."

Thus there was a waiver on condemnor's part as to his objection to the testimony of the witness Hickox, wherein he contended the effect of the testimony of the witness was to give double damage.

See *General Tire &c. Co. v. Brown Tire Co.,* 46 Ga. App. 548 (3 c) (168 SE 75); *Southern R. Co. v. Garner,* 101 Ga. App. 371, 372 (114 SE2d 211) and cases cited therein; *American Family Life Ins. Co. v. Glenn,* 109 Ga. App. 122 (135 SE2d 442); *Akop v. Branson,* 116 Ga. App. 775 (159 SE2d 185), and cases cited therein. No reversible error was shown whether or not the testimony originally objected to should have been excluded.

It has long been the rule that a party who objects to evidence and then cross examines the witness about the identical evidence waives such objection. The dissenting opinion cites *City of Atlanta v. Atlanta Title &c. Co.,* 45 Ga. App. 265, 267 (164 SE 224), as authority to the contrary, and quotes the following portion of said opinion: "the cross examination of the plaintiff's witness was not the equivalent of such introduction . . . The verdict . . . can not be approved as a fair and legal termination of the case, in view of the important and apparently persuasive evidence which the court erroneously admitted in behalf of the plaintiff . . . The ends of justice demand another trial. . ." But, a close reading of this opinion shows that what the Court of Appeals held there was to decide that cross examination of a witness is not the equivalent of introducing *a written document.* Of course, that is true. We quote from the cited case more in detail as follows: "The defendant's counsel did not *introduce the document* or any part of it in evidence, and the cross examination of the plaintiff's witness was not the equivalent of such introduction . . ." This is a far cry indeed from taking issue with the principle cited to the effect that a party waives his objection to evidence when he cross examines the witness on the same point. The cases cited on this point support this proposition directly.

I am authorized to state that Judges Pannell and Deen concur in the above.

JORDAN, Presiding Judge, dissenting. In my opinion this case is controlled by our holding in *Ga. Power Co. v. Cannon,* 120 Ga. App. 721 (172 SE2d 142), requiring a reversal.

HALL, Presiding Judge, dissenting. While I disagree with the decisions, I readily concede that Georgia is the most liberal jurisdiction in the nation in approving awards and verdicts of compensation to condemnees. *Bowers v. Fulton County,* 221 Ga. 731

(146 SE2d 884); *Hard v. Housing Authority of the City of Atlanta,* 219 Ga. 74 (132 SE2d 25); *State Hwy. Dept. v. Lumpkin,* 222 Ga. 727 (152 SE2d 557); *State Hwy. Dept. v. J. A. Worley & Co.,* 103 Ga. App. 25 (118 SE2d 298); *State Hwy. Dept. v. Thomas,* 115 Ga. App. 372 (154 SE2d 812). The majority opinion is in keeping with the philosophy of these decisions. However, no judge contests the fact that the appellant's objections to the testimony of several witnesses for the condemnee concerning the consequential damages to the entire farm were meritorious. The majority hold as a matter of law that this erroneous testimony could not have misled the jury. In my opinion this is in direct conflict with *Ga. Power Co. v. Cannon,* 120 Ga. App. 721 (172 SE2d 142), which held it was reversible "error to overrule the condemnor's timely objections ." The *Cannon* case is not limited to a situation where the same witness testifies to the value of the easement taken and also to the depreciated value of the whole plot of land, including the land over which the proposed easement would run. The element of double damages is equally present in a situation where one witness testifies to the value of the easement and another witness testifies as to the depreciated value of the entire plot of land. It is true that the trial court's charge to the jury followed the *Cannon* case; however, this does not cure the error of overruling appellant's objections. The late Mr. Justice Jackson, one of the nation's greatest advocates, said: "The naive assumption that prejudicial effects can be overcome by instructions to the jury . . . all practicing lawyers know to be unmitigated fiction." Krulewitch v. United States, 336 U. S. 440, 453 (69 SC 716, 93 LE 790).

It is also contended that even though the above error be considered harmful, the appellant waived the objection by going into the matter during the cross examination of one witness. I disagree. The appellant carefully preserved the point that evidence of double damages was being illegally introduced by timely objections to this testimony by each of four witnesses. The cross examination of one of these witnesses was for the very purpose of trying to pin the witness down on what basis he was testifying to the consequential damages. Failing to get this, appellant moved again to exclude the same illegal testimony on cross examination. In my opinion, it cannot be reasonably contended that the appellant ever

acquiesced in the improper method of proving consequential damages. See in this regard a similar holding in *City of Atlanta v. Atlanta Title &c. Co.,* 45 Ga. App. 265, 267-268 (164 SE 224): "the cross examination of the plaintiff's witness was not the equivalent of such introduction . . . The verdict . . . cannot be approved as a fair and legal termination of the case, in view of the important and apparently persuasive evidence which the court erroneously admitted in behalf of the plaintiff . . . The ends of justice demand another trial."

As in this case, the so-called waiver by cross examination rule frequently works to place a party in an untenable position during the trial. It is held in such disrepute by the bar that in a rare manifestation of unanimity, both the Georgia Association of Plaintiffs' Trial Attorneys and the Georgia Defense Lawyers Association would applaud its abolition.

I would reverse the judgment of the trial court on the enumerations of error discussed in Division 1 of the majority opinion.

I am authorized to state that Judge Eberhardt concurs in this dissent.